[No. 2,608.]

## HENRY KUHN v. JOHN RUMPP AND NICOLAS WEBBER.

WHEN ABSOLUTE DEED IS A MORTGAGE IN EQUITY.—If a deed, absolute on its face, is given as a security for an indebtedness, a Court of equity will declare it to be a mortgage, and allow the grantor to redeem by payment of the indebtedness, both as against the original grantee and parties who purchase from him with knowledge.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The property in dispute was a brewery.    When the deeds were made the plaintiff and his mother were tenants in common of the property.    The mother had conveyed her interest in the property to the plaintiff before this action was commenced, to wit; in the Fall of 1869.    The second deed was made June 30th, 1868, and the plaintiff's testimony showed that the consideration was an indebtedness of several

hundred dollars, secured by the first deed of 1866, and an additional sum of money, which, added to the first indebtedness and interest, made two thousand five hundred dollars, and that, when it was executed, Webber, the grantee, agreed verbally that the grantors might redeem it at any time within two years, by repaying the two thousand five hundred dollars, and interest at two per cent. Webber took possession of the property and received the rents and profits. The plaintiff frequently claimed the right to redeem, and on the 29th day of July, 1868, Webber conveyed the property to defendant Rumpp, stating that he did so to get rid of Kuhn. Rumpp was to reconvey to Webber when the two years expired. A short time afterwards Webber bargained the property to one Gost, for four thousand dollars, but Rumpp refused to make a deed, saying that he could pay as much for the property as Gost. Before the suit was commenced the plaintiff tendered the money due and demanded a deed. The defendant introduced in evidence the Notary who acknowledged the deed, and one Messer, who helped make a settlement of accounts between Webber and Kuhn and his mother, and saw the deed delivered. The Notary heard nothing about a redemption of the property, nor did Messer hear anything said about a redemption until after the deed had been delivered, when Webber told them they might redeem any time in two years.

The plaintiff appealed.

The other facts are stated in the opinion.

*A. Brunson* and *H. T. Hazard*, for Appellant.

*Thom & Ross*, for Respondents.

By the Court, BELCHER, J.:

This action was brought to have two deeds absolute in form, made by the plaintiff and his mother to the defendant,

Webber, declared to be mortgages, and to be permitted to redeem therefrom.

It is alleged in the complaint that Webber conveyed the property to the defendant Rumpp without any consideration being paid therefor, and with full knowledge on the part of Rumpp at the time that Webber held it to secure an indebtedness due him, and was to reconvey it on payment of the indebtedness at any time within two years from the date of the second deed.

The answer admits that the deed of 1866 was intended as a mortgage, but denies that that of 1868 was so intended, and denies that the conveyance to Rumpp was without consideration or was received with notice that the property was held by Webber to secure the indebtedness.

The case was tried by the Court and judgment rendered for the defendants without findings. It is brought here on an appeal from the judgment and from an order denying a motion for new trial.

The only point made is that the judgment is contrary to the evidence, and after carefully reading the testimony we are of the opinion that the point is well taken. The testimony introduced by the plaintiff was certainly sufficient, if believed, to prove all the material allegations of the complaint, and we fail to see any substantial conflict between it and the testimony of the defendants. Conceding every fact stated by the defendants' witnesses to be true, we still think the case fully made out for the plaintiff.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.