[No. 1620.]

ALBERT F. PRICE, AS ADMINISTRATOR, ETC., RESPOND-
ENT, *v.* M. E. WARD, APPELLANT.

VENDOR AND PURCHASER—RIGHTS OF PURCHASER—NOTICE OF EQUITIES—RIGHT OF ACTION AGAINST VENDOR. In an action for damages caused by the sale by defendant to innocent purchasers of land belonging to plaintiff's intestate, it appeared that intestate first mortgaged the land to defendant, and afterwards conveyed it to him by an absolute deed, intended as security. At the time defendant conveyed the land the mortgage had not been discharged of record, and intestate's estate claimed an interest after the delivery of the deed. No inquiry concerning money matters between the estate and defendant was made by the purchasers: *Held*, sufficient to put the purchasers on inquiry as to intestate's rights in the land, and, as under such conditions they could obtain no greater rights than those held by defendant himself, plaintiff could not recover. (FITZGERALD, J., dissenting.)

APPEAL from the Second Judicial District Court, Washoe County; *B. F. Curler*, Judge.

Action by Albert F. Price, as administrator of the estate of William E. Price, deceased, against M. E. Ward. Judgment for plaintiff, and defendant appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*A. E. Cheney*, for Appellant:

I.   Smith and Hilton were not *bona fide* purchasers because they had notice of all facts relating to Price's claim. The

mortgage which Price gave to Ward had never been satisfied
or discharged of record, and, when Smith and Hilton pur-
chased from Ward, the undischarged and unsatisfied mort-
gage was constructive notice to them of Price's equity in the
land. Whether the deed was a merger of the mortgage
depends upon the intention of the parties. That intention
is a question of fact, and no presumption of such intention
arises from the mere execution of the deed. "Purchasers
cannot rely upon the record as showing merger.   *   *   *
They must go beyond this and ascertain whether there has
been a merger in fact; and they act at their own peril if they
do not require their grantor to produce the mortgage and
note supposed to be merged, and discharge the mortgage of
record, or show that it constitutes a part of the title to the
estate." (1 Jones on Mortgages, sec. 872; *Aiken* v. *Mil-
waukee & St. P. Ry. Co.*, 37 Wis. 478, 479.)

II. "Purchasers are bound to use a due degree of caution
in making their purchases, or they will not be entitled to
protection. *Caveat emptor* is one of the best settled maxims
of the law, and applies exclusively to a purchaser. He must
take care, and make due inquiries, or he may not be a *bona
fide* purchaser. He is bound not only by actual, but also by
constructive notice, which is the same in its effect as actual
notice. He must look to the title papers under which he
buys, and is charged with notice of all the facts appearing
upon their face, or to the knowledge of which anything there
appearing will conduct him. He has no right to shut his
eyes or his ears to the inlet of information, and then say he
is a *bona fide* purchaser without notice." (*Simmons Creek
Coal Co.* v. *Doran*, 142 U. S. 437; *Everdson* v. *Mayhew*, 65
Cal. 163; *Beatty* v. *Crewdson*, 124 Cal. 577.)

III. The burden is on the purchaser to show that he did
not have notice of a third person's title. (*Beatty* v. *Crewd-
son*, 124 Cal. 577; *Wilhoit* v. *Lyons*, 98 Cal. 409.) "To
entitle a party to protection as a *bona fide* purchaser with-
out notice, he must aver and prove the possession of his
grantor, the purchase of the premises, the payment of the
purchase money in good faith, without notice, actual or con-
structive, prior to and down to the time of its payment, for,
if he had notice, actual or constructive, at any moment of

time before the payment of the money, he is not a *bona fide* purchaser." (*Everdson* v. *Mayhew*, 65 Cal. 167; *Wilhoit* v. *Lyons*, 98 Cal. 413; *County Bank* v. *Fox*, 119 Cal. 64; *Boone* v. *Chiles*, 10 Pet. 213.)

*Torreyson & Summerfield* and *F. H. Norcross*, for Respondent:

I. A deed, though absolute in form, intended by the parties as security for money loaned, is, in fact, a mortgage, with all its attributes, and nothing more. (*Bingham* v. *Thompson*, 4 Nev. 224; *Saunders* v. *Stewart*, 7 Nev. 200; *Leahigh* v. *White*, 8 Nev. 147; *Cooks* v. *Culberson*, 9 Nev. 199; *Pierce* v. *Traver*, 13 Nev. 526; *Brinkham* v. *Jones*, 44 Wis. 512; 2 Jones on Mortgages, 114, 1120-3.)

II. While the proof is conclusive that Smith and Hilton were purchasers from Ward without notice, actual or constructive, of the rights of Price as mortgagee in the premises, nevertheless, we contend that the plaintiff was not required to establish such fact as essential to his right of recovery. "The well-settled rule applies in this case, that a party is estopped from impeaching or contradicting his own deed, or denying that he granted the premises that his deed purports to convey." (*Van Kennen* v. *C. R. R. Co.*, 38 N. J. L. 167, cited and approved in 15 Nev. 113; 11 Am. & Eng. Enc. Law, 2d ed. 402.)

III. In principle we cannot see where the defendant in this case should be allowed to avoid the natural effect of his deed, any more than though the property was conveyed to avoid the payment of creditors. In both cases a wrong is committed, and an unlawful advantage sought. Certainly a wrong committed towards a poor debtor is no less to be frowned upon than one against a rich creditor. (*Allison* v. *Hogan*, 12 Nev. 38; *McCausland* v. *Ralston*, 12 Nev. 195; *Peterson* v. *Brown*, 17 Nev. 175.)

IV. Even if Smith and Hilton were purchasers *mala fides* from Ward, they would be but joint tort feasors with Ward, and the remedy of Price could be had solely against Ward. (Cooley on Torts, 133.)

V. It not appearing from the deed that a lesser estate is intended, a fee simple estate is presumed to have been

intended to pass from Ward to Smith and Hilton. This being the legal presumption, and Ward being estopped from rebutting such presumption, it cannot be the law that plaintiff in this action is required to establish by proof, independent of the deed, the very fact that is presumed from the deed. (Sec. 1105, Civ. Code Cal.; *Maybury* v. *Ruiz*, 58 Cal. 15.)

VI. The matter of constructive notice is entirely a creation of the statute, and from the statute of California the conclusion is that Smith and Hilton had notice of a deed absolute in the name of M. E. Ward. (Civ. Code Cal., secs. 1213, 1113; *Grellet* v. *Heilshorn*, 4 Nev. 532.)

VII. As between Ward and Price, the deed executed by Price to Ward was a mortgage, but being absolute in form, it vested the legal title to the property in Ward. (*Brophy M. Co.* v. *B. & D. M. Co.*, 15 Nev. 107.)

VIII. The mortgage from Price to Ward was executed and recorded nearly three years before the deed was executed and recorded, and Smith and Hilton could not be charged with notice of the mortgage. (20 Am. & Eng. Enc. Law, 597, and authorities cited in notes.)

IX. The deed absolute from Price to Ward was a higher muniment of title than the mortgage, and even if it could be said that Smith and Hilton had constructive notice of the mortgage, they would also have the record notice that the mortgage was extinguished by the deed. "The taking and acquiring of a higher security merges and extinguishes the legal remedy in the lower one." (5 Lawson's Rights, R. & P., sec. 2580; *Wann* v. *McNulty*, 43 Am. Dec. 58; *Baker* v. *Baker*, 75 Am. Dec. 243; *Rump* v. *Gerkins*, 59 Cal. 495.)

X. "Equity will prevent or permit a merger, as will best subserve the purposes of justice and the actual and just intent of the parties." (*Jameson* v. *Hayward*, 106 Cal. 688; *McLain* v. *Sullivan*, 85 Ind. 174; *Fowler* v. *Fay*, 62 Ill. 375; *Andrue* v. *Vreeland*, 29 N. J. Eq. 474; *Watson* v. *Dundee*, 12 Or. 474.)

*A. E. Cheney*, for Appellant, in reply:

I. Respondent's contention that Ward is estopped from contradicting or impeaching his own deed has no application

in this action.   They refer to 11 Am. & Eng. Enc. Law, 2d
ed. p. 402, passing over the pertinent statement of the law on
page 400, namely:   "Estoppels by deed do not bind strangers,
nor can they take advantage of them."   (11 Am. & Eng. Enc.
Law, 2d ed. 400.)   "A stranger cannot be bound by, or take
advantage of, an estoppel.   An estoppel to be binding must
be reciprocal; and parties and privies only are bound
thereby."  (*Robinson* v. *Bates*, 3 Metc. 42; *Kitzmiller* v.
*Rensselaer*, 10 Ohio St. 64; *Franklin* v. *Dorland*, 28 Cal.
175; *Rodgers* v. *Donelan*, 39 Pac. 494.)

II.   Equally inapplicable is the contention of respondent
that the mortgage from Price to Ward did not convey notice
to Smith and Hilton because executed before Ward conveyed
to them.   If it had been executed after Ward had conveyed
to Smith and Hilton, there would have been some reason in
the contention.   The rule is thus stated:   "The purchaser is
not charged with notice from the record of conveyances from
his grantor prior to such grantor's acquisition of title."
(Wade on Notice, 214.)

III.   The court having sustained defendant's demurrer
and required the plaintiff to allege and prove that Smith and
Hilton were *bona fide* purchasers, and the plaintiff having
acquiesced in that ruling, answered over and taken no cross
appeal, he cannot on this appeal make any objection to the
ruling of the court in that respect.   "Where a demurrer to a
pleading is sustained, but the same facts are put in issue by
amended pleadings, any error in the ruling on the demurrer
is waived."   (6 Enc. Pl. & Pr., 359, and notes 1, 2; 1 Enc.
Pl. & Pr. 624, and note 4; 2 Enc. Pl. & Pr. 515.)

IV.   The foundation of plaintiff's action is that Ward sold
this land in violation of the agreement that he took the deed
as further security for his debt.   By what process of reason-
ing authorities concerning the liability of a joint tort feasor
is applicable to this action, we are unable to ascertain.
Respondent cites Cooley on Torts, page 133.   The same
authority, in continuing the discussion, upon page 134, says:
"The rules regarding remedies which are applicable to
breaches of contracts are obviously inapplicable here."
(Cooley on Torts, p. 134.)

By the Court, BELKNAP, J.:

This is an action for damages by reason of the sale by defendant to innocent purchasers without notice of timber land owned by plaintiff's intestate. The complaint, among other things, alleges, in effect, that plaintiff's intestate borrowed from defendant the sum of $1,000, and secured its payment by his promissory note and a mortgage upon the above-mentioned land; that thereafter the debt was further secured by a deed of conveyance of the land, absolute in form, but intended by the parties as a mortgage, and in this connection it is alleged that the promissory note is still in the possession of defendant; that defendant, upon the 14th day of October, 1897, wrongfully conveyed the mortgaged premises to J. A. Smith and F. D. Hilton for a valuable consideration, without notice of plaintiff's rights, and to his damage in the sum of $10,300.

The answer denied, among other things, that the deed made by respondent was intended as a mortgage, and also alleged that before the delivery of the deed to Smith and Hilton they had notice that intestate's estate claimed an interest in the mortgaged land. A jury returned a verdict for respondent, assessing his damages at $2,059. From the judgment and an order denying a motion for new trial, defendant appeals.

The controlling questions at the trial were: (1) Whether the deed to the appellant was in fact a mortgage; (2) if a mortgage, whether Smith and Hilton had notice that it was a mortgage; (3) the damage, if any. The verdict being for respondent, the jury must have considered that the deed to appellant was given and intended as a mortgage.

Upon the question whether Smith and Hilton were purchasers without notice, it was shown that Ward received a deed of conveyance of the land from Price; that the mortgage had not been discharged of record; that Price's estate claimed an interest in the property after the delivery of the deed; that no inquiry concerning money matters between the estate and defendant was made. This evidence was sufficient to put a purchaser upon inquiry. In support of the order it is said that it was not essential to allege and prove that Smith and Hilton were purchasers without notice of the equities of

Price's estate, and that Ward is estopped from impeaching his own deed.

It is a sufficient answer to these suggestions that respondent amended his complaint in the district court so as to allege that Smith and Hilton were purchasers without notice. The amendment was made presumably in conformity to the rulings of the district court. The material issues made by the pleadings were as above stated. The case was tried upon these issues, and we have no right to disregard issues settled by the trial court, and not a subject of review by the record.

Judgment and order reversed, and cause remanded.

FITZGERALD, J.:   I dissent.

MASSEY, C. J., concurring:

The record in this case shows conclusively that Smith and Hilton, the purchasers from Ward of the land conveyed by Price in the deed intended as a mortgage, had actual notice of the equities of Price in the land so conveyed; and it is well settled that a purchaser who has knowledge that his grantor is holding the land under a deed absolute on its face, but intended as a mortgage, obtains no greater or better estate than his grantor. (*Houser* v. *Lamont*, 55 Pa. St. 311; *Radford* v. *Folsom*, 58 Iowa, 473; *Kuhn* v. *Rumpp*, 46 Cal. 299; *Graham* v. *Graham*, 55 Ind. 23; *Smith* v. *Knoebel*, 82 Ill. 392; *Jenkins* v. *Rosenberg*, 105 Ill. 157.)

Such conveyance is nothing more in effect than an assignment of a mortgage. (*Halsey* v. *Martin*, 22 Cal. 645.)

The conveyance of Ward, therefore, could not operate to defeat any right of action held by Price or those claiming under him with respect to the land, or for any damages committed by Ward's grantees. Before Ward, therefore, could be held liable by Price, or those claiming under him, for the value of the land conveyed to Smith and Hilton, it must be shown that they purchased without notice of Price's equities. (*Meehan* v. *Forrester*, 52 N. Y. 277; *Enos* v. *Sutherland*, 11 Mich. 538.)

I therefore concur.