## THE PEOPLE v. EUGENE CAZALIS.

SUPPLYING THE PLACE OF A LOST PLEADING. — If a pleading in a pending action is lost, its place can only be supplied by motion based upon affidavits showing what the lost pleading contained, and the service of personal notice upon the opposite party of the intention to move, which notice must be sufficiently explicit to advise him of what is intended, as well as to enable him to controvert the affidavits submitted.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*John B. Felton*, and *J. W. Stephenson*, for Appellant.

*J. G. McCullough, Attorney-General*, for Respondent.


By the Court, SHAFTER, J.

The defendant was sued for taxes upon personal property. The complaint was demurred to. When the case was reached on the calendar, the District Attorney discovered that the complaint was lost or mislaid; and the Court, on bare suggestion by him, made an order substituting for the original a paper, presented and filed by the attorney, purporting to be a true copy of the original. This proceeding was had in the absence of the defendant and his attorney, and without notice. The demurrer was thereupon submitted, and in three days thereafter was overruled, and the Court immediately rendered a final judgment, without notice to the defendant or his counsel, and without giving time to answer. The appeal is from the judgment.

It is insisted that the judgment should be reversed upon either one of two grounds: First—That no proof was submitted to the Court showing the loss of the original complaint or that the copy filed was a true copy. Second—That no notice was given that the order would be applied for.

It was held in *McLeadon* v. *Jones*, 8 Ala. 298, that "the manner of correcting the loss of the pleadings, is, to show by affidavits what the record contained, the loss of which is to be supplied. The substitution can only be made after a personal notice of the intention to move the Court, and the notice must be sufficiently explicit to advise the opposite party of what is intended, as well as to enable him to controvert the affidavits submitted." The case at bar may be distinguished from that of *Benedict* v. *Cozzens*, 4 Cal. 381. In that case the defendant answered the substituted complaint before the objection, that it was allowed to be filed without notice, was taken. But if the decision in that case should be considered as con-

flicting with the rule laid down in the case cited from the Eighth of Alabama, it is in our judgment erroneous.

Judgment reversed and cause remanded for further proceedings.