[S. F. No. 2794.     Department Two.—July 18, 1903.]

## DAVID E. BAKER, Respondent, v. FLORENCE BAKER, Appellant.

DIVORCE—CUSTODY OF CHILDREN—ORDER FOR CHANGE OF CUSTODY.— Upon the granting of a divorce to the wife, where the custody of children was awarded to the mother until further order of the court, the court may on motion, upon sufficient evidence, modify the decree by awarding the custody of the children to the father until further order of the court.

ID.—BILL OF EXCEPTIONS—FINDINGS—PRESUMPTION OF WAIVER.—
Where the bill of exceptions upon the order for change of custody
of the children fails to show that findings in support of the order
were not waived, it will be presumed that they were waived. It is
not sufficient merely to specify the absence of findings as an error
of law at the conclusion of the bill of exceptions.

APPEAL from a judgment of the Superior Court of Marin
County. F. M. Angellotti, Judge.

The facts are stated in the opinion.

Albert M. Armstrong, for Appellant.

T. J. Crowley, for Respondent.

GRAY, C.—In this case the plaintiff obtained a decree of
divorce from defendant on the ninth day of November, 1896,
and by said decree it was adjudged that the care, custody,
and education of three minor children of the marriage be
awarded to the mother until the further order of the court,
and the father was directed to pay her for their support
forty dollars monthly. This he continued to do and the
three boys were left in the custody of the mother until August
9, 1900, when the court, on motion of plaintiff, after a hearing
on affidavits and oral testimony, made an order modifying
the decree and giving the custody of the children to the father
until the further order of the court. The mother appeals
from this last order.

The appellant states two grounds for reversal:—

1. It is urged that the evidence is insufficient to warrant
the court in exercising its discretion as it did in awarding
the children to the father. We have examined the evidence
and find it ample to warrant the order appealed from. No
good purpose would be served in analyzing or further dis-
cussing the evidence here.

2. The bill of exceptions fails to show whether findings
were waived. In the absence of an affirmative showing that
findings were not waived, in support of the order, it will be
presumed that they were waived. (*Mulcahy* v. *Glazier*, 51
Cal. 626; *Tomlinson* v. *Ayres*, 117 Cal. 570.) It is not suf-
ficient to merely specify the absence of findings as an error

of law, as is done in the sixth specification at the conclusion of the bill of exceptions, but, in the absence of findings, that findings were not waived, like any other error relied on for a reversal, must be made to affirmatively appear in the body of the bill of exceptions or in some other appropriate way. (*Smith* v. *Lawrence,* 53 Cal. 34; *Goyhinech* v. *Goyhinech,* 80 Cal. 410.)

We advise that the order appealed from be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.