[No. 1644.]

B. A. GAMBLE AND F. T. CHADBOURNE, PETITIONERS,
    v. THE FIRST JUDICIAL DISTRICT COURT, ET
    AL., RESPONDENTS.

VENUE OF ACTIONS—CHANGE—DISQUALIFICATION OF JUDGE—MANDAMUS.

1. Under Comp. Laws, sec. 2545, providing that a judge shall not act as such when he has been the attorney of either party in the proceeding, it is the duty of a judge who has been of counsel for a party to change the place of trial to some other judicial district.

2. Mandamus will issue to compel a judge who was of counsel in an action previous to his appointment as judge to change the place of trial of such action to some other judicial district, although no motion for that purpose was ever made in open court, where the application for the change, signed by petitioner's attorneys, was presented to the judge, the originals later being properly filed, and the motion for removal was informally made, and a list of authorities forwarded to him, he being engaged in judicial duties in another county, and, from his reasons for refusal, it was evident that he would not have granted the motion, had it been formally made.

TALBOT, J., dissenting.

APPLICATION for writ of mandamus by B. A. Gamble and F. T. Chadbourne against the District Court of the First Judicial District of the State of Nevada, Esmeralda County, and M. A. Murphy, the Judge thereof. **Application granted.**

The facts sufficiently appear in the opinion.

*Bigelow & Dorsey, Geo. W. Baker*, and *R. M. F. Soto*, for Petitioners:

I.  No affidavit was required to show the disqualification of the honorable judge of this court.  The fact of his disqualification being the matter within his own personal knowledge, as a judge of this court, he would take judicial notice

thereof. (*Allen* v. *Reilly*, 15 Nev. 452, 455–6; *Table Mt. Co.* v. *W. D. S. Min. Co.*, 4 Nev. 218, 221, 222; *Southern Co.* v. *Nat. Bank*, 100 Cal. 316, 321; *State* v. *Blake*, 38 Pac. 354, 357; *Foley* v. *Brewing Co.*, 89 N. W. 230.)

II. Section 2545 of Compiled Laws of Nevada provides in part: "A judge shall not act as such: * * * Third, when he has been attorney or counsel for either party in the action or proceeding, but this section shall not apply to the arrangement of the calendar or the regulation of the order of business." The provision of section 3116, Compiled Laws, that upon the existence of certain conditions the court may, on motion, change the place of trial, "must," as was said in *Estate of Walley*, 11 Nev. 260, 263, "on a familiar principle of construction be considered as imperative and mandatory as if it had read: "The court must, on motion, change the place of trial." (Black, Interp. 155, 156, 338, 341–342; Maxwell, Interp. 2d ed. 295, 296, 299–300; Endlich, Interp. secs. 310–311, pp. 423, 424; Sutherland, Stat. Cons. secs. 461, 462; *Estate of Ballentine*, 45 Cal. 696, 698–699; *In re Still*, 117 Cal. 509, 513; *Malcolm* v. *Rogers*, 15 Am. Dec. 464, 467, 468, note.)

III. The statute is mandatory and prohibitory where the judge of the court is disqualified. It is prohibitory to the extent of depriving him of all power or jurisdiction to act judicially in any matter affecting the merits of the action pending before him; and it is mandatory so that, the fact of disqualification being conceded or established, he is compelled to change the place of trial. If the change is refused, any judicial act of the court, while presided over by the disqualified judge, is null and void. Nor can consent, unless the statute so provides, confer jurisdiction on the disqualified judge. (*Frevert* v. *Swift*, 19 Nev. 363, 364, and cases there cited; *Oakley* v. *Aspinwall*, 3 N. Y. 547–552; *Reams* v. *Kearns*, 5 Caldw. 217, 219; *Slaven* v. *Wheeler*, 58 Tex. 23, 26; *Hall* v. *Thayer*, 105 Mass. 219; *Newcome* v. *Light*, 58 Tex. 141, 145, 146, 44 Am. Rep. 604; Cooley, Const. Lim. 6th ed. 509; Freeman on Judgments, sec. 146; Black, secs. 174, 266; *Gains* v. *Barr*, 60 Tex. 676, 678; *Horton* v. *Howard*, 79 Mich. 642, 644–647, 44 N. W. 1112–1113; *Krutz* v. *Howard*, 70 Ind. 71–76.)

IV.   While the statute permits one district judge to hold court in a district for which he has not been elected, either upon the request of the judge of the latter district, or upon the direction of the governor, under certain circumstances, the cases in which such foreign judge may sit must be cases other than those in which the law prescribed a change of venue on the application of either of the parties.   (*Krumdick* v. *Crump*, 98 Cal. 117, 119; *Gale* v. *Michie*, 47 Mo. 326; *Graham* v. *People*, 111 Ill. 253, 258–259; *Kansas Pac. Ry. Co.* v. *Reynolds*, 8 Kan. 622.)   Unless the statute provides for the calling in of another judge to pass on the application for a change of venue on the ground of the disqualification of the judge of the court before which the cause is pending, such alleged disqualified judge may grant the application. (*Shannon* v. *Smith*, 31 Mich. 451, 453; *State* v. *Thompson*, 141 Mo. 408, 414, 42 S. W. 949; *Slaven* v. *Wheeler*, 58 Tex. 23, 26; *Reams* v. *Kearns*, 5 Caldw. 217, 219.)

V.   In fact, when the fact of disqualification is conceded or established beyond controversy, the duty of the court, acting through the disqualified judge, is treated as ministerial, so that *mandamus* will lie to compel a change of venue.   There is no discretion in the matter when the fact of disqualification is established or conceded.   (*Livermore* v. *Brundage*, 64 Cal. 299, 300; *Krumdick* v. *Crump*, 98 Cal. 117, 119; *State* v. *Castleberry*, 23 Ala. 65; *State* v. *Shaw*, 1 N. E. 753, 43 Ohio St. 324; *Graham* v. *People*, 111 Ill. 253, 259; *State* v. *Mack*, 69 Pac. 862, 863.)

. VI.   The fact that the cause is not at issue upon questions of fact is no reason for denying the application to transfer the cause to a county in some other district whose judge is not disqualified.   The pleadings are not settled yet, and the honorable judge of this court cannot sit to pass upon questions relating to them.   (*People* v. *De la Guerra*, 24 Cal. 73, 77.)   The prohibition of the statute is universal that the judge, being disqualified, shall not act in the cause at all. (Comp. Laws. sec. 2545; *Frevert* v. *Swift*, 19 Nev. 364; *State* v. *Mack*, 69 Pac. (Nev.) 862, 863.)   The determination of a demurrer interposed to a pleading in the case, or a motion in relation thereto, or any other matter affecting the merits or substantial rights of the parties would constitute a trial

so as to bring the case within the statute (Comp. Laws, sec. 3116) providing for a change of venue in case of the disqualification of the judge. (*Allerton* v. *Eldridge*, 10 N. W. 252, 254, 56 Iowa, 709, 712; *Finn* v. *Spagnoti*, 67 Cal. 330, 332; -*Tregambo* v. *Comanche M. & M. Co.*, 57 Cal. 501, 505; *Anderson* v. *Pennie*, 32 Cal. 263, 267; Black's Law Dict. "Trial"; 21 Ency. Pl. & Pr. 956; *Gibson* v. *Sydney*, 69 N. W. 313, 50 Neb. 12; *Goldtree* v. *Spreckles*, 135 Cal. 666, 668-672, and cases cited; Comp. Laws, secs. 3248-3252.)

VII.    At one time a right to appeal from an order denying an application for a change of venue existed in this state. (*Table Mt. Co.* v. *Waller's Defeat Co.*, 4 Nev. 218, 220.) While the law was such, a formal application in court was imperative.    But the right to appeal no longer exists.    The fact of disqualification being conceded, known to the judge himself, no discretion exists.    The transfer must be made. This rule was enforced in *State* v. *Mack*, 69 Pac. (Nev.) 862, 863.    With greater force should it apply here where the respondent has been accorded every opportunity to act; and finally gives the applicant to understand that he will deny their motion, even, if formally made.

VIII.    Where it appears conclusively from the conduct of the defendant that there would have been a refusal to comply if a demand had been made, no previous demand is necessary.    (*Northern Pac. R. Co.* v. *Washington Terr.*, 142 U. S. 492; *Columbia Co.* v. *King*, 13 Fla. 451, *People* v. *Barnett*, 91 Ill. 422; *Lake Erie R. Co.* v. *State*, 139 Ind. 158; *Chicago R. Co.* v. *Chase County*, 49 Kan. 399; *Muhlenburg County* v. *Morehead*, 56 S. W. 484; *Atty.-Gen.* v. *Boston*, 123 Mass. 461; *Giddings* v. *Blacker*, 93 Mich. 1; *Hilton* v. *Grand Rapids*, 112 Mich. 500; *State* v. *Baushausen*, 49 Neb. 558; *Conklin* v. *Cunningham*, 7 N. Mex. 445, 461, 462; *In re Whitney*, 3 N. Y. Supp. 838; *Alexander* v. *McDowell County*, 67 N. C. 330; *Com.* v. *Pittsburg*, 34 Pa. St. 496; *Morton* v. *Comptroller-Gen.*, 4 S. C. 431; *Reg* v. *Bruce County*, 11 U. C. C. P. 575; *Davidson* v. *Miller*, 24 U. C. Q. B. 66; *People* v. *Mt. Morris*, 137 Ill. 576.)

IX.    It is respectfully submitted, however, that *State* v. *Mack, supra,* is applicable and should control.    Here, at least, Judge Murphy was apprised months before this proceeding

was instituted that the petitioners wished the cause trans-
ferred. Unless proof to the contrary is made, it must be
presumed that Judge Murphy maintained the relation of
attorney and client with Silver Peak mines. Indeed, he
admits as much in his answer, where he says that he "was
ready and willing at all times, * * * to and including the
month of December, 1902, to enter the appearance of defend-
ant, Silver Peak Mines Company." (*McKenzie* v. *Stevens*,
19 Ala. 691, 692–693; *Burlington Ins. Co.* v. *Threlkeld*, 60
Ark. 539, 543–544; *McCullough* v. *Phœnix Ins. Co.*, 113 Mo.
605, 514; *Table Mt. Co.* v. *Waller's Defeat Co.*, 4 Nev. 218,
220; *Jordan* v. *Young*, 37 Mo. 276, 280; *Fox* v. *Holt*, 4
Ben. 278, 281.)

*Samuel Platt*, for Respondents, and *P. M. Bowler, Jr.*, of
counsel, for Respondents:

I. Compiled Laws of Nevada, section 3116, provides, *inter
alia*, as follows: "The court may, on motion, change the
place of trial in the following cases: * * * Fourth,
when from any cause, the judge is disqualified from acting
in the action." It will be observed from the petition that
relators filed a motion for a change of venue with the district
clerk of Esmeralda county, the county within which the
cause was originally brought. The motion was undoubtedly
filed with the intention of formally presenting it to the dis-
trict court of said county. The statute provides, *supra*, that
such a motion shall be made, and relators certainly so under-
stood the law, or they would never have filed their motion.
Admitting that the averments in their petition are correct,
they even informed the trial judge in his office that they had
filed such a motion; that he could draw no other inference or
conclusion therefrom than that they intended to make such a
motion in open court. This they failed to do, and respondent
has never had an opportunity either to allow or refuse it.
He is simply being harassed by an application for an extra-
ordinary writ without any legal foundation whatsoever upon
which to base the petition.

II. The petition is premature. In order for a peremptory
writ of *mandamus* to issue, it is necessary to show conclusively
that the respondent withholds compliance and distinctly

determines not to do what is required. (Am. & Eng. Ency. Law, vol. XIX, 760, and authorities therein cited.) *Mandamus* will not issue before respondent is in actual default. (*State* v. *Rising*, 15 Nev. 164, citing *State, ex rel. Piper*, v. *Gracey*, 11 Nev. 223.)

III. The fact that the petition for this writ of *mandamus* is premature has been admitted more than once by counsel for petitioners herein. In all the affidavits of counsel, setting out their own views individually, in conference and by correspondence they have repeatedly indicated that a motion for a change of venue has been filed with the county clerk of Esmeralda county, State of Nevada, and that it was always their intention and purpose to present said motion to the respondent herein for consideration and decision. That they presume through private correspondence or informal advances to induce a judge to act judicially in a matter as important as the laying of a venue, is an assumption unwarranted in the practice, and, it is respectfully submitted, a proceeding which this honorable court will not encourage.

IV. Petitioners in their long list of authorities have failed to present a single case in point wherein a writ of *mandamus* issued before a formal application had been made to the *nisi prius* judge. An examination of many of the cases cited in their brief invariably shows that the extraordinary writ issued when the judge had refused to "grant the motion," and never before he had had an opportunity to act. Counsel for petitioners look in vain for any authority of this court to grant the writ. In addition to the Nevada cases commented upon in the opening pages of this brief, and which upon examination will be found to be grossly inapplicable to the matter at bar, the case of *State* v. *Bonnifield*, 10 Nev. 401, has been cited. Here, the Supreme Court of Nevada refused to issue the writ because the respondent judge intended no evasion of duty and acted in good faith. The case is recommended as supporting respondent's contention herein. Relative to the case of *State* v. *Mack*, reported in the 26th Nevada, and decided by this honorable court only a short time ago, it is respectfully submitted that this case, while correctly stating the law and bearing all the imprint of a sound and logical judicial opinion, is not applicable to

the case at bar.  The decision was based upon sections 2869 and 2870 of Compiled Laws of Nevada, and relates to the disqualification of a judge in probate matters in which he is directly interested.  In such cases the statute provides without equivocation and in plain terms that, when a judge finds himself disqualified, he shall *ipso facto* call in another judge from another district to act for him.  Here the statute provides that no motion shall be made, or rather does not provide that a motion shall be made, and the judge is bound to act of his own motion.  It will be readily seen that the case has no application whatever to the case at bar.

V.  The petitioners herein have a plain, speedy and adequate remedy at law.  The authorities of the Supreme Court of the State of Nevada support the contention that an order of an inferior court, with jurisdictional powers equivalent to the district courts of this state, refusing a change of venue, may be appealed from to the supreme court of the state. Petitioners herein are not only taking a leap into the supreme court by jumping over the district court in avoiding their formal motion, but are petitioning for a remedy to which they have no legal right.  The rule as to appeal has never been changed in this state since the case of *Table Mountain Gold and Silver Mining Company* v. *Waller's Defeat Silver Mining Company*, 4 Nev. 218, was decided.  This case was substantially followed in *Allen* v. *Reilly*, 15 Nev. 452, 455-6, the question of a change of venue having been therein involved on appeal.  Petitioners have therefore not only failed to exhaust their legal remedy before the *nisi prius* judge, but, in the event of their failure to have secured the order desired, have ignored a legal appeal to this honorable court.

## ON PETITION FOR REHEARING.

*Samuel Platt*, for Respondents:

I.  It is apparent from the majority opinion that the court treated the case precisely as if a formal motion had been made in open court for a change of the place of trial, and that an order had been entered refusing to change the place of trial, for this court said:  "Under these circumstances a formal motion would have been useless."

II.  Respondent respectfully submits this petition for a

rehearing upon the following grounds:    (1) That *mandamus* is not the proper remedy; that where relator has another plain, speedy and adequate remedy, resort cannot be had to the extraordinary relief of *mandamus*;  (2) That there must be a default committed by respondent—an actual omission of duty—as an indispensable condition precedent before the peremptory writ of *mandamus* can issue; (3) That the judge of the district court, respondent, was and is disqualified, and thereby prohibited from acting in the case, except to arrange the calendar and to regulate the order 'of business of that court and to see that it is properly informed; (4) That the case of *Krumdick* v. *Crump*, 99 Cal. 119, relied upon by this court, is a decision radically different in statutory laws from that which obtains in Nevada.

III.    The particular office of the writ of *mandamus* is to compel action, but it cannot be to review and correct error of an inferior court.    "*Mandamus* lies to compel an inferior tribunal to exercise its judgment and render a decision when a failure of justice would otherwise result from delay or a refusal to act, but it does not lie to compel an inferior tribunal to exercise its judgment in a particular way or to render any special decision in favor of one and against the other party to an action, for it will not lie to control discretion or revise judicial action.    Where the act to be done is judicial in its character, the writ will not direct in what manner the inferior court shall act, but only to direct it to act." (*Keane* v. *Murphy*, 19 Nev. 92.)    No formal motion was ever made, and whether useless or not, is not to be considered.    There must be an actual omission of duty on the part of respondent before *mandamus* will lie. (*State ex rel. Piper* v. *Gracey*, 11 Nev. 223.)

IV.    The only relief that could be obtained in this action on account of its peculiar situation and condition was and is for the judge of the district to do as is provided by section 2524, Comp. Laws, to request a district judge of another district to hold a term for him, at which this particular case and all incidental preliminary motions therein could be made and heard and the entire case tried and decision rendered.

V.    While this court has heretofore held that a refusal of the trial court to order a transfer of the place of trial of an

action for the reason that the showing made thereafter is insufficient or that such showing has been obviated by a counter showing and such refusal is error, but not such as an appeal will lie directly therefrom (Comp. Laws, sec. 3425; *State* v. *Shaw*, 21 Nev. 224), yet it may be properly brought before the court on appeal from the judgment, under section 3434, as an intermediate order involving the merits and necessarily affecting the judgment.

VI.   Judge Murphy having been an attorney for one of the parties in an action pending in his court, it was his duty, even though no application therefor was made, at the proper time and in the proper place, to request or call in, and that too of his own motion, a judge of another district to act. In the event of an application to the court in that case by way of motion calling for the exercise of judicial discretion, he should refrain from acting, for, having been an attorney for one of the parties to the action, any act that he should therein perform as a court involving an exercise of judicial discretion would not be valid, but void, absolutely void, on account of his legal disqualification.   Section 2545, Comp. Laws, provides "A judge shall not act  *  *  *  when he has been an attorney or counsel for either party in the action or proceeding, but this section shall not apply to the arrangement of the calendar or the regulation of the order of business."   Comp. Laws, sec. 2573 provides:   "The district judges  *  *  *  shall each have power to hold court in any county in this state.  *  *  *  All of this section is subject to the provision that each judge may direct and control the business in his own district, and shall see that it is properly performed." A consideration of the above statutory provisions obviously shows that the district judge of the First Judicial District has authority to direct and control the court business in his own district, to the extent of arranging the calendar and regulating the order of business, notwithstanding he may be otherwise disqualified.   It must be apparent to this court that respondent has the unquestionable power and authority to request a judge of another district court to hold a term of court for him and in his place and stead, and that, too, at the option of respondent for or without cause and without limitation; and that in so doing he does not exercise any

legal discretion whatever, but does it as of course. (*Granite Mt. M. Co.* v. *Durfee* (Mont.) 27 Pac. 919; *Sterling Ditch Co.* v. *Iliff Platte Ditch Co.* (Col.) 52 Pac. 669; *Gordon* v. *Connor* (Idaho) 51 Pac. 747.)

VII.    Under the California code, when a judge is disqualified he must transfer the cause (sec. 398), and by section 170 he cannot refuse to transfer the cause to another county, which he must do—a duty enjoined upon him by law, and which under no circumstances can be avoided. Not so in Nevada for, when a judge is disqualified in a case for having been an attorney therein, he shall not act as such, except to arrange the calendar, and regulate the business matters not calling for the exercise of judicial discretion.

By the Court, BELKNAP, C. J.:

This is an application for a writ of *mandamus* requiring respondent to order a change of the place of trial of an action now pending in the First Judicial District Court, in Esmeralda county, between petitioners, Gamble and Chadbourne, as plaintiffs, and L. J. Hanchett and others, as defendants, to some other district court in the state. It is admitted that respondent, Hon. M. A. Murphy, was attorney for one of the parties to the action, and is now judge of the court.

The statute approved January 26, 1865, entitled "An act concerning the courts of justice and judicial officers," provides, at section 45 (section 2545, Comp. Laws), "A judge shall not act as such  *  *  *  when he has been the attorney or counsel for either party in the action or proceeding.  *  *  *"

Applying the provisions of the statute to the admitted facts, it became the duty of respondent to change the place of trial to some other judicial district. His reasons for not directing the change are, first, that no motion for that purpose was ever made in open court; second, that upon October 5, 1899, long before he became judge, he entered into a stipulation with the opposing attorneys by the terms of which it was agreed that his clients should not be required to plead to a certain amended complaint until ten days after notice of service of said pleading upon all of the defendants, and that no notice of service of said pleading has been served; third,

no attorney has been substituted for himself in the action.

It is uncontradicted that upon the 23d day of February of the present year one of the attorneys for petitioners delivered to respondent, in Carson City, two typewritten papers, one of which was an application for a change of the place of trial of the action, signed by the attorneys for petitioners, and the other was a copy of an affidavit of B. A. Gamble. Subsequently, on the 4th day of April, the originals of these papers were filed in the clerk's office of the District Court of Esmeralda county. On or about the 12th day of March the law firm of Cheney, Massey & Smith, at the request of Messrs. Bigelow & Dorsey, attorneys for petitioners, informally presented to respondent, at Reno, the motion for removal, and upon the 1st day of April forwarded a list of authorities bearing upon the question, and upon May 2d again called respondent's attention to the matter.

Finally, upon the 14th day of May, Former Judge Bigelow, one of the attorneys for petitioners, wrote respondent upon the subject of the transfer of the action. This proceeding in *mandamus* was commenced July 13th. The purpose of the motion was to direct the attention of the court to the order to be made. When these requests, as above shown, were made to respondent, he was not occupying the bench of his court in Esmeralda county, but was discharging judicial duties in Ormsby county, and in the county of Washoe, at the request of Judge Curler. But the purpose of the motion was accomplished by the repeated requests of counsel, and respondent could not have been more fully advised by a formal motion in open court.

It would better comport with the dignity of judicial proceedings for attorneys to present motions before the judge upon the bench, than in the informal manner pursued here; but loss of time, inconvenience, and expense in attending court at long distances to present an *ex parte* motion, to which no defense could be made, and in which respondent had no discretion, are considerations not to be overlooked by this court in the proper exercise of its own discretion in allowing or refusing this writ. In this connection, the letters of respondent and the affidavits on file support the conclusion that he would not have made the order if a motion

for that purpose had been made in open court, for the reasons given by himself, to wit, the stipulation, with its surrounding facts, and because no attorney had been substituted for himself in the action.   Under these circumstances, a formal motion would have been useless.

In *Krumdick* v. *Crump*, 98 Cal. 119, 32 Pac. 800—a case somewhat similar—Chief Justice *Beatty* said: "There is nothing in any of the facts here recited to justify or excuse the respondent for refusing or neglecting to perform the plain statutory duty imposed upon him by section 398 of the Code of Civil Procedure.   The case provided for by that section was clearly made out by the uncontradicted affidavits filed in support of the motion, and, aside from the affidavits, the essential fact upon which the right to transfer the cause depended was necessarily within the knowledge of the respondent, whose duty it was to make the order without delay. (*Livermore* v. *Brundage*, 64 Cal. 299, 30 Pac. 848.)   There should have been no postponement on account of the absence of the defendant, no continuances, no time given for the filing of briefs, no holding under advisement, no entertaining of any counter motions based upon grounds calling for the exercise of judicial discretion.   The plain injunction of the statute leaves the disqualified judge in such cases no discretion.   He has but one thing to do, and it is his duty to do that thing at once."

It is ordered that a peremptory writ of mandate issue.

FITZGERALD, J.:   I concur.

TALBOT, J., dissenting:

I am not able to concur in the opinion of my esteemed associates.   The California case cited is not in point, because there the motion was made in open court, and notice was given or waived by appearance, and the statute in that state is materially different from ours.   In my judgment, sufficient facts are not shown here by the petition or by the evidence to warrant the issuance of the writ.

It appears that on February 23d a copy of the application for the removal of the case pending in Esmeralda county was served upon respondent in Carson City, and subsequently, on April 4th, the original was filed with the clerk at Hawthorne

in the absence of the judge; that at the term held by him there later his attention was not called to the matter by motion or otherwise, no time for hearing was specified in the application, and no notice of demand for removal was either served upon the defendants or filed with the clerk, but the petitioners applied here, when they and their attorneys made no appearance, seeking removal, before the court at Hawthorne. The controlling paragraph is section 21 of the practice act (Comp. Laws Nev., sec. 3116), which provides that, "if the county designated for that purpose in the complaint be not the proper one, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expire demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the court, as is provided in this section"; that the court may, on motion, change the place of trial, for sufficient specified reasons, the fourth of which is "the disqualification of the judge to act in the case."

The rules of the district court, as approved by this court, and repeatedly held to have the effect of legislative enactment under the statute providing for them, require that "motions in all cases, except *ex parte* motions, motions for continuance, and motions to amend pleadings pending a trial, shall be noticed at least five days before the day specified for a hearing, and a copy of all papers to be used by the moving party, except pleadings or other records of the court, shall be served with notice of motion. The notice of motion shall be in writing, and shall specify the papers to be used and the names of witnesses to be examined by the moving party, and the grounds upon which the motion is made; *provided*, that the court may, upon good cause shown, shorten or enlarge the time for hearing. For a failure to comply with this rule the motion shall be denied." -

*Pratt* v. *Rice*, 7 Nev. 126, if not overruled, requires notice to be given of motions like the one which ought to have been, but was not, made by petitioners in the district court for removal. Quoting and adopting partly the language of Mr. Daniel, it is said in that decision: "Upon the 12th of April, 1871, appellants moved, on notice, to vacate the order

thus made, upon the grounds that it was made without notice and without sufficient showing of facts. By the practice act of this state, 'after appearance, a defendant or his attorney shall be entitled to notice of all subsequent proceedings, of which notice is required to be given.' There is nothing further in the practice act touching the question of notice in motions of the nature of the one under consideration. It is neither specially required nor excused, nor does there appear to be any rule of court upon the subject. Consequently reference must be had to generally received practice. The object of *ex parte* motions is generally to prevent the performance of some act which, if performed, might be productive of irreparable injury, and it is therefore desirable that the party affected by it should not have any previous intimation of the intention to apply to the court to restrain him. Where there is no danger that the object of the motion would be defeated if notice were given, they will not be permitted, * * * and special applications concerning the proceedings in the cause, not regulated either by the general orders, or by any clearly defined rule of practice, must always be made upon notice. The reason of the rule is against the practice pursued in this case. This was not an order of course. There was no cause for haste or concealment."

It is important and fair that opposing litigants have notice, so that they may appear and resist the removal of actions to which they are parties, or, if they are without grounds for such opposition, that they may at least be informed that their case has been removed to some other county, in order that they may arrange for trial accordingly. There is no need of secrecy in making the order for removal, no apparent reason why notice should not be given, and nothing to indicate that it would work any injury to petitioners. As said in that case, there is no cause for haste or concealment. (*State* v. *Murphy,* 19 Nev. 97, 6 Pac. 840; *State* v. *Cheney,* 24 Nev. 226, 52 Pac. 12; *People* v. *Cazalis,* 27 Cal. 522.)

As determined by this court recently in *Wonacott* v. *Nye County Commissioners,* 27 Nev. 102, 73 Pac. 661, the district court for any county can be held only at the proper county seat. In *Ex Parte Gardner,* 22 Nev. 284, 39 Pac. 570, considering an action pending at Dayton, Lyon county, wherein

the judge, while in regular session in Carson City, and by consent of all concerned, made an order removing the case from Dayton, which was held to be ineffective because not entered there, this court said: "The judge alone does not constitute a court. Burrill defines the term thus: 'A court may be more particularly described as an organized body with defined powers, meeting at certain times and places for the hearing and decision of causes and other matters brought before it, and aided in this, its proper business, by its proper officers, viz: Attorneys and counsel to present and manage the business, clerks to record and attest its acts and decisions, and ministerial officers to execute its commands and secure due order in its proceedings.' Proceedings at another time and place or in another manner than that specified by law, though in the personal presence and under the direction of a judge, are *coram non judice* and void. (*State* v. *Roberts*, 8 Nev. 239; *Wightman* v. *Karsner*, 20 Ala. 446; *Brumley* v. *State*, 20 Ark. 77.) It follows that the district court of Lyon county could not possibly have had any authority to sit as a court in Ormsby county, even supposing it had attempted to do so. Section 21 of the practice act (Gen. Stats. sec. 3043) provides that 'the court may on motion change the place of trial.' This, of course, means the court where the action is pending. It is not possible for one court to reach out and draw to itself jurisdiction of an action pending in another court, even when done with the consent of parties, for that would be to confer jurisdiction by consent, which, so far as subject-matter is concerned, can never be done."

It is clear that, if respondent had made an order for removal at the time the application was received by him in Carson City, it would have been entirely void, and to that extent such service does not justify the issuance of the writ of mandate directing a vain and worthless act. Now, was it incumbent on respondent to make the order while holding court after he went to Hawthorne, without any motion being made, in the absence of the attorneys and litigants, and without any notice having been given?

Adopting the reasoning and conclusion reached by the Supreme Court of California, the Supreme Court of Montana,

in *Wallace* v. *Lewis*, 9 Mont. 403, 24 Pac. 23, said: "Our statute (section 482, Code Civ. Proc.) defines a motion as follows: 'Every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion.' The statute of California is identical. (Prac. Act Cal. sec. 515; Code Civ. Proc. Cal. sec. 1003. See, also, *Jenkins* v. *Frink*, 27 Cal. 339.) In *People* v. *Ah Sam*, 41 Cal. 650, Temple, J., interprets the above law as follows: 'A motion is properly an application for a rule or order made *viva voce* to a court or judge. It is distinguished from the more formal applications for relief by petition or complaint. The grounds of the motion are often required to be stated in writing and filed. In practice, the form of the application itself is often reduced to writing and filed. But making out and filing the application itself is not to make the motion. If nothing more were done, it would not be error in the court to entirely ignore the proceeding. The attention of the court must be called to it. The court must be moved to grant the order.'" The rule proclaimed in *State* v. *C. P. R. R. Co.*, 17 Nev. 270, 30 Pac. 887, and by courts and text-writers generally, limits the proof of the proceedings of all regular tribunals to the minutes properly approved. Here there is no such proof, which is the only proper evidence that the court refused to make the order desired. This must necessarily be so, because there was no motion, and no such refusal by the court. I see no reason to depart from the rule so universal, and wisely founded on long experience, which confines the proof of the action of any court to its minutes and record. The statute provides that when the judge is disqualified the court may, on motion, order the case moved to any county; and, in my opinion, the words "on motion" mean what they imply, and were inserted for a purpose, and ought not to be eliminated by judicial construction.

Any one of the reasons suggested—absence of notice, neglect to make any motion in open court, and failure to show that the court refused to make an order for removal—is, in my opinion, sufficient ground for denying the writ; and I believe that it would better serve the ends of justice and comply with the best practice to require the petitioners

to proceed in the ordinary manner, give the customary notice, and move the court in open session at Hawthorne, in the usual way, for the order of removal which they desire, and, if refused there, which is not to be presumed, show such refusal by proper proof, which would be the court minutes.

### ON REHEARING.

By the Court, BELKNAP, C. J.:

Rehearing denied.

TALBOT, J.: I dissent.