[Civ. No. 1032.    Third Appellate District.—November 4, 1912.]

W. A. MOORE et al., Petitioners, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF MADERA, and HON. W. M. CON-LEY, Judge of said Superior Court, etc., Respondents.

ELECTION CONTEST—DISQUALIFICATION OF JUDGE—CONTINUANCE BEYOND TWENTY DAYS—PROCUREMENT OF QUALIFIED JUDGE—JURISDICTION NOT LOST—MANDAMUS.—Where an election contest, owing to the disqualification of the judge, was continued beyond the twenty days' limit fixed by section 1121 of the Code of Civil Procedure, in order that a judge qualified to try the contest may be procured, jurisdiction to hear the contest was not lost in such case, but where it

was deemed lost, *mandamus* will lie to compel the court to reset the contest for hearing.

ID.—FAILURE TO TRY CAUSE FOR WANT OF JURISDICTION—PRIOR DEMAND AND REFUSAL TO RESET CAUSE NOT A CONDITION OF MANDAMUS.— Where the court failed to reset and try the cause on the ground that jurisdiction to try the same had been lost, prior demand and refusal of the court to reset the contest for trial is not a condition precedent to a writ of *mandamus* to compel the court to reset the contest.

ID.—MANDAMUS—EXCEPTION TO RULE AS TO DEMAND AND REFUSAL.— While it is the general rule that an officer will not be compelled by the writ of *mandamus* to do any thing which he has not been first asked to do, and has neglected or refused; yet where the attitude of the officer toward the matter has been officially declared to be such that an application to him would be idle and fruitless, the reason for the rule ceases, and the writ of *mandamus* will issue.

PETITION for Writ of Mandate to the Superior Court of Madera County. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Drew & Drew, for Petitioners.

Raleigh E. Rhodes, for Respondents.

CHIPMAN, P. J.—The petition with its exhibits is a voluminous document. The essential facts therein appearing are as follows: That petitioners are electors of Madera County; on July 3, 1912, they duly filed their statement contesting the vote in precinct 2 of said county at a certain election on June 8, 1912, under the act of the legislature, to provide for the regulation of the traffic in alcoholic liquors, approved April 4, 1911; pursuant to the provisions of section 1118a of the Code of Civil Procedure, to wit, on July 8, 1912, the said court duly made its order for a special session of said court to be held on July 23, 1912, to hear said contest and directed citations to issue to defendants to appear on said day and answer said contest; on said day counsel for all the parties appeared, Hon. R. H. Latimer, under assignment by the governor, sitting as judge of said court; one of the contestants objected to the case being heard by said judge because he came from a so-called "wet county," who, without

affidavits of prejudice being filed or other showing made, retired from the bench, disclaiming that he knew anything about the case or had any prejudice in favor of or against any of the parties; respondent, Judge Conley, the presiding judge of that court, resumed the bench; counsel for petitioners expressed a willingness to have Judge Conley try the case, but he deemed himself disqualified and stated that the only course open was "to order a continuance until such time as another judge may be procured to try the case"; counsel for contestees objected to a continuance for the reason that it "would be a waiver of jurisdiction." "The Court: Will you stipulate (addressing all the counsel) that any judge in Los Angeles County can try the case? I don't know who the judge will be. Mr. Drew (counsel for petitioners): I am willing to put it on that broad ground. Mr. Rhodes (counsel for respondents): Yes, and reserving all our rights in the matter. The Court: Now when do you want to try this case, how would the 11th day of September suit? Mr. Drew: Yes. Mr. Rhodes: All right. The Court: Then, Mr. Clerk, the order will be that this extra session of court will be continued until September the 11th, 1912, at 10 o'clock A. M."; thereafter, on July 27, 1912, Judge Conley made an order, contestants not being present, designating Honorable Charles Monroe, judge of the superior court of Los Angeles County, to preside at said trial, "to be held on September 11, 1912, at the hour of 10 o'clock A. M." "Mr. Rhodes: Defendants and contestees accept (except) to the ruling of the court on the ground that the court is deprived of its jurisdiction." Immediately thereafter Judge Conley went to the county of Los Angeles and did not return to Madera County until August 10, 1912, and on that day counsel for petitioners appeared in said court, Judge Conley presiding, and moved the court to vacate the minute orders of July 23rd and July 27th, aforesaid, "and reset said contest for hearing within twenty days of July 23, 1912, as provided in section 1118a et seq. of the Code of Civil Procedure." (This motion was made eighteen days after the order of July 23rd and two days within the statutory period of twenty days.) As to what occurred at the hearing of this motion counsel for petitioners and respondent, the judge, do not agree. We quote from the return: "In this behalf respondent avers that upon the mak-

ing of said motion, he did, then and there, as the judge of
said court, inform moving counsel that said motion to vacate
and set aside said minute orders, respectively, would be
granted, and, further, that if said orders, respectively, were
vacated and set aside, the court would be without power to
reset the said contest for hearing; respondent admits that, at
said time and place, he stated that he would not reset the said
contest for hearing for the reason that in his opinion he had
lost jurisdiction of the said contest, and that on said date,
to wit, the said 10th day of August, 1912, he did not have,
as the judge of said court, the power or authority to reset
said contest for hearing, or to set the hearing thereof within
twenty days from July 23, 1912, the time on which the said
contest was originally set for hearing, and the special session
of said superior court called therefor.'' It further appeared
by the return that petitioners asked leave to withdraw said
motion to vacate and were informed that leave to withdraw
would be granted but the respondent suggested, for reasons
given, that counsel for petitioners ''take a ruling on said
motion in his favor, vacating said minute orders and the re-
fusal of respondent, as judge of said court, to reset said cause,
and apply for a writ of mandate to the appellate court, and
that he, respondent, would unite therein, so that said ques-
tion of jurisdiction could be determined''; that this sugges-
tion was not acceptable to counsel for petitioners who insisted
upon his request to withdraw and dismiss said motion,
''whereupon the said request was granted and said motion to
vacate was withdrawn and dismissed and said proceeding was
permitted to remain set for trial for September 11, 1912, at
a special session of said court which had theretofore been
called.''

On September 11th the cause came on for trial and all the
parties appeared by counsel, Honorable Charles Monroe,
judge, presiding. Counsel for contestees moved the court to
dismiss the action ''on the ground that the court has lost ju-
risdiction to proceed'' and ''for the reason that the case orig-
inally came up on the 23rd of July and was continued upon
the motion of contestants, over the objection of the contestees,
for a period longer than provided by statute.''

Some testimony was taken as to what occurred at the ses-
sion of the court when the cause was continued to September

11th, but it seems to us immaterial. The motion of counsel for contestees to dismiss the action was denied and "it is further ordered by the court that defendant's motion, objecting to the court hearing the cause on the ground that the court has no jurisdiction, be and the same is hereby granted." Both Judge Monroe and Judge Conley seem to have been of the opinion that section 1121 of the Code of Civil Procedure is mandatory and that as the cause was continued to a date beyond twenty days jurisdiction was lost and the court was powerless to hear and determine the contest. This section is as follows: "The court must meet at the time, and place designated, to determine such contested election, and shall have all the powers necessary to the determination thereof. It may adjourn from day to day until such trial· is ended, and may also continue the trial, before its commencement, for any time not exceeding twenty days, for good cause shown by either party upon affidavit, at the costs of the party applying for such continuance."

In *Falltrick* v. *Sullivan*, 119 Cal. 613, [51 Pac. 947], it was held that the court had the power on its own motion to continue the hearing from July 8th to July 14th. Said the court: "The statute contemplates a prompt and speedy determination of election contests; but it cannot be presumed that the legislature intended that under no circumstances, however essential to the administration of justice, and especially in a matter in which the public as well as the parties have an interest, could an adjournment be made otherwise than from day to day. Contingencies might be readily imagined where, without the fault of the court or of either party, an interruption of several days would be unavoidable."

Referring to the various sections of the Code of Civil Procedure, the supreme court, in *O'Dowd* v. *Superior Court,* 158 Cal. 537, [111 Pac. 751], said: "As the obvious purpose of the statute is to have these contests determined on their merits, no construction should be given to any of its provisions which will defeat that end, unless their language imperatively commands it." It was, therefore, held that section 1119, which provides that the clerk *shall* issue a citation which "*must*" be delivered to the sheriff and served either upon the party in person," etc., was directory ·and the court had the power to adjourn the hearing and order another citation to

issue, the clerk having failed to issue a citation in the first instance as required by the statute. In the case of *Busick* v. *Superior Court,* 16 Cal. App. 499, [118 Pac. 481], the construction to be given section 1121 was directly involved. A petition to have the cause heard in the supreme court was denied. Referring to the decision of the supreme court in the O'Dowd case, the court said: "We think the same liberal spirit of interpretation which led the supreme court to hold that the power in reference to the citation is directory merely should be applied to the section before us (1121) and should lead to a like conclusion. Indeed, we have authority for the position that this section is not mandatory and exclusive, as contended by petitioner." Citing cases.

It is apparent that both Judge Conley and Judge Monroe were of the opinion and so ruled that the adjournment of the hearing from July 23rd to September 11th was unauthorized and in violation of section 1121 and that jurisdiction to make any order in the case was thereby lost. The effect of this view of the law was to deprive the contestants of a hearing on the merits.

We do not think that the jurisdiction, having been duly acquired, was by any of the subsequent proceedings lost, or that the court is now without jurisdiction, under section 1121, to reset the cause for trial. The court, on September 11, 1912, refused to dismiss the action, and it is, therefore, still pending. The court having also at that time sustained contestees' motion objecting to the court's hearing the cause for want of jurisdiction, we think a writ should now issue directing said court to reset said contest of said contestants for hearing, and to call a special session of said court within twenty days from the date so ordered for said hearing and to proceed to hear and determine said contest.

It is now urged that because no subsequent application was made to reset the case and no refusal is shown, *mandamus* will not lie. Undoubtedly the rule is that an officer will not be compelled by the writ to do anything which he has not been first asked to do and has neglected or refused. But where the attitude of the officer toward the matter has been officially declared to be such that an application to him would be idle and fruitless the reason for the rule ceases. The court, as we have seen, refused, for want of jurisdiction, to proceed

with the hearing at a time at which the case had been set for hearing. A motion to reset the case after such action would have been to trifle with the court and, if amicably tolerated, would most certainly have been denied. The point now made is, we think, without merit.

Let the writ issue as prayed for.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1913.