[Civ. No. 2300.   Third Appellate District.—October. 24, 1921.]

## CHARLES D. BATES et al., Respondents, v. J. H. HOSKINS, Appellant.

[1] CONTRACTS — HIGHWAY CONSTRUCTION — EXCAVATIONS BETWEEN HEADER BOARDS—RIGHT TO COMPENSATION—EVIDENCE—FINDINGS—JUDGMENT—APPEAL—PRESUMPTIONS.—On an appeal from a judgment directing the issuance of a writ of mandate requiring the county engineer to make a true and correct final estimate of excavations made by the plaintiffs under a contract for the construction of a concrete highway for the county, in the absence of the evidence and findings, it must be presumed that the evidence supported the judgment; and the decision of the engineer as to what work was necessary under the contract as the work progressed being conclusive, the plaintiffs were entitled to compensation for the excavation made, in filled sections, between the header boards placed along the sides to hold the concrete in place as it was poured, as ordered by the county engineer, and as provided in the specifications covering the contract.

APPEAL from a judgment of the Superior Court of Stanislaus County.  G. W. Nicol, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. J. Brown and Hawkins & Hawkins for Appellant.

Stanley Moore and Goodfellow, Eells, Moore & Orrick for Respondents.

FINCH, P. J.—The defendant appeals from a judgment directing the issuance of a writ of mandate requiring him to make a true and correct final estimate of excavations made by the plaintiffs under a contract for the construction of a concrete highway in Stanislaus County.

The contract in question and the issues involved are the same as those discussed in the case of *McGillivray Construction Co.* v. *Hoskins, ante,* p. 636 [202 Pac. 677], with the additional question whether the plaintiff is entitled to compensation for excavations made, in filled sections, between the header boards placed along the sides to hold the concrete in place as it was poured.

The complaint alleges that "in order to make dikes, remove the same and bring the grade to a perfect subgrade as was ordered by said J. H. Hoskins, and as provided in the specifications covering said contract, there was necessarily excavated by the applicants 20,203.05 cubic yards of material." In the judgment it is recited that "in order to bring the grade of said highway to be constructed under said contract to a perfect subgrade the petitioners excavated and removed between header boards in filled sections of said highway 8,585.73 cubic yards; and that said 8,583.73 cubic yards was excavated and removed by petitioners under and by virtue of the terms of said contract and petitioners are entitled to be paid for the removal thereof at the rate of 60c per cubic yard." It thus appears that the court did not allow anything for the yardage included in the building of dikes or the removal thereof but only for excavations between the header boards. In his oral argument counsel for respondent states that in the filled sections "the engineer compelled the contractor to first level up the width of the roadway from crown to crown; that is, from the height of the shoulder on either side the contractor was supposed to first make the entire space between the two shoulders level, then he was supposed to build a system of cross dikes, so that the level surface would be divided into checks and then the contractor was required to fill those checks with water and to soak the water down with the purpose of having the moisture from the top meet the moisture which was below. Thereafter he was to remove those dikes, and thereafter still he was to excavate the space in that level from crown to crown or outer shoulder to outer shoulder. He was supposed to excavate out of that space that was between header boards," the excavation to be made after the fill had been "rolled in a firm hard condition." [1] While the record does not show the facts thus stated, in the absence of the evidence and findings, it must be presumed that the evidence supports the judgment. Under such circumstances, the decision of the engineer as to what work was necessary under the contract as the work progressed being conclusive, the contractors were entitled to compensation for the excavation in question.

Since all other matters involved in this appeal are considered in the opinion filed in *McGillivray Construction Co.* v. *Hoskins, supra,* it is unnecessary to discuss them here.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.,* was acting.