[Civ. No. 2299.    Third Appellate District.—October 24, 1921.]

McGILLIVRAY CONSTRUCTION COMPANY (a Corporation), Respondent, v. J. H. HOSKINS, Appellant.

[1] Appeal—Judgment-roll—Absence of Findings—Presumption.— Where an appeal is taken upon the judgment-roll alone and no findings appear therein, it will be presumed that findings were waived.

[2] Mandamus — Construction of County Highway — Failure to Make Required Estimates—Necessity for Demand—Pleading.— On appeal from a judgment in favor of the plaintiff in a *mandamus* proceeding to compel a county engineer to make a true and correct final estimate of excavations made by the plaintiff under a contract for the construction of a county highway, the complaint will not be held insufficient because of the failure to allege that prior to the commencement of the action a demand was made upon the defendant to make the required estimate, where the complaint alleges that the defendant refused to include in his estimate the work upon which the action is based and the answer denies that the plaintiff was entitled to have such work so included and the appeal is founded upon the same contention.

[3] Contracts — Construction of Highway — Excavations Below Subgrade—Right to Compensation.—Under a contract for the construction of a concrete highway which provides for the payment of a lump sum for the construction of the "concrete road not including the grading" and also provides the measure of compensation for "all excavation of every description without classification including all incidental work," the contractor is entitled to compensation for excavations below the subgrade, the same as for those above, where such excavations are in accordance with the specifications.

[4] Id.—Agreement to Pay for Ditch Excavation—Expressio Unius Est Exclusio Alterius.—A special provision in such a contract for payment to the contractor at the agreed price per yard for excavating ditches does not, under the rule *expressio unius est exclusio alterius*, exclude payment for any of the other incidentals mentioned in the specifications under the heading of "grading."

[5] Id.—Decision of Engineer—Scope of.—A provision in such a contract making the decision of the county engineer final on questions arising, during the progress of the work, as to what is required by the contract and in what manner it is to be done does not make him an arbitrator as to the amount of compensation due thereunder or as to whether payment shall be made for any item of work done.

[6] Id.—Failure to Include Work in Estimates—Mandamus.—On the county engineer's failure to include in his estimate work for which the contractor is entitled to compensation, *mandamus* is the proper remedy.

APPEAL from a judgment of the Superior Court of Stanislaus County. G. W. Nicol, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. J. Brown and Hawkins & Hawkins for Appellant.

Stanley Moore for Respondent.

FINCH, P. J.—This appeal is from a judgment directing the issuance of a writ of mandate requiring the defendant to make a true and correct final estimate of excavations made by the plaintiff under a contract for the construction of a concrete highway for Stanislaus County.

[1] Appellant assigns as error that the court failed to file findings of fact and conclusions of law. The appeal is taken upon the judgment-roll alone and therefore, in support of the judgment, it is presumed that findings were

waived. (*Mulcahy* v. *Glazier,* 51 Cal. 627; *Baker* v. *Baker,* 139 Cal. 626 [73 Pac. 469]; *Ladd* v. *Myers,* 4 Cal. App. 352 [87 Pac. 1110]; *Hutton* v. *Newhouse,* 41 Cal. App. 689 [183 Pac. 276].)

[2] It is contended that the complaint is insufficient in that it does not allege that prior to the commencement of the action a demand was made upon the defendant to make the required estimate. The complaint alleges that the defendant refused to include in his estimate the work upon which the action is based. The answer denies that the plaintiff was entitled to have such work so included and this appeal is founded on the same contention. Under such circumstances a demand would have been futile and this court would not be justified in holding that there has been a miscarriage of justice because of failure to make a futile demand. (*Moreing* v. *Shields,* 28 Cal. App. 513 [152 Pac. 964]; *Moore* v. *Superior Court,* 20 Cal. App. 299 [128 Pac. 946]; *Chicago, K. & W. R. Co.* v. *Chase County Commrs.,* 49 Kan. 399 [30 Pac. 456]; *Gamble* v. *First Judicial Dist. Court,* 27 Nev. 233 [74 Pac. 530]; *State* v. *Pacific Brewing & M. Co.,* 21 Wash. 451 [47 L. R. A. 208, 58 Pac. 584]; *State* v. *Baushausen,* 49 Neb. 558 [68 N. W. 950]; *City of Austin* v. *Cahill,* 99 Tex. 172 [88 S. W. 542, 89 S. W. 552].)

The contract provides, in so far as pertinent to the issues tried, that plaintiff shall be paid for the work as follows:

"Proposition 'B.' Approximately 7.483 miles of portland cement concrete road not including the grading for a lump sum of $66,935.

"Proposition 'C.' All excavation of every description without classification including all incidental work for the unit price of 60c per cubic yard."

Among the specifications, under the head "Grading," are the following:

"(a) Grading shall include the removing of all material, filling, re-filling, trimming and shaping, or such other work as may be necessary to bring the surface of the roadway to conform with the adopted sub-grade and cross-section.

"(b) All brush, roots, trees or vegetation lying between the gutters must be grubbed out and removed as directed by the county engineer.

"(d) All soft and unsuitable material shall be removed and the space refilled with suitable material.

"(e) Ditches shall be excavated by the contractor in such places and of such dimensions as the engineer may direct, and he shall be paid for such work at the contract price for excavation.

"(f) The entire roadway shall be ploughed or broken up as directed by the engineer to secure a bond between new and old material.

"(i) Computation of quantities shall be made by the method of average end areas and all measurements of work to be paid for shall be made in excavation.

"(j) The contract price per cubic yard of excavation shall include the excavation, loading, transportation, and deposit of material in accordance with these specifications, and also all grubbing and clearing, ditching and all other work incidental to the grading.

"(o) Wherever oil is encountered during the grading, all lumps must be neatly piled by the side of the right-of-way and must not be placed in the grade."

The complaint alleges that "oil was encountered and excavated below the finished subgrade in a considerable portion of the roadway for said highway, and the excavating done by applicant in the removal of said oil, and necessary in order to remove the same, amounted to 28,204.6 cubic yards. . . . that all of the work under said contract was completed by the applicant on March 20, 1918, and said work was done to the satisfaction of said Hoskins."

The judgment recites that under and by the terms of the contract "petitioner was required to excavate and remove oil cake encountered below the subgrade" to the amount of 10,319 cubic yards and "was entitled to be paid therefor at the rate of 60c per cubic yard."

[3] Appellant contends that "the removal of the oil cakes was work incidental to the grading," and that therefore the plaintiff is entitled to no compensation for the excavation necessary to its removal. It is not claimed that such work was unnecessary in the preparation of a proper subgrade on which to lay the concrete. Proposition "B" provides for the payment of a lump sum for the construction of the "concrete road *not including the grading.*" The implication necessarily follows that compensation is to be

received for the grading. Proposition "C" provides the measure of such compensation, sixty cents per cubic yard for "all excavation of *every* description without classification including all incidental work." No language could be clearer. It does not appear why excavations below the subgrade are any more incidental to the grading than those above.

[4] It is next argued that since the specifications provide specially for payment to the contractor at the agreed price per yard for excavating ditches "the idea that payment was to be made for any of the other incidentals mentioned under the heading of 'grading' " is thereby excluded under "the rule *expressio unius est exclusio alterius.*" The specifications, however, do not purport to fix the compensation to be received and the reference therein to payment for excavating ditches cannot reasonably be held to limit the express provision of the contract that payment shall be made for "all excavation of every description." It is more probable that the provision was inserted in the specifications to guard against any controversy as to whether the term "excavation" included the construction of ditches.

[5] Article IX of the contract provides: "Should it appear that the work hereby intended to be done, or any of the matters relative thereto, are not sufficiently detailed or explained in the said plans, drawings, profiles, cross-sections and specifications when taken together, the contractor shall apply to the Engineer for such further explanation as may be necessary, and shall conform to the same as part of this contract, so far as may be consistent with the original specifications; and in the event of any doubt or question arising respecting the true meaning of the said plans, drawings, profiles, cross-sections and specifications, and each and every difference respecting the same shall be finally determined by the said Engineer, and it is understood that no advantage will be taken by either party hereto of any discrepancy that may be found in any plan or specification." In the specifications it is provided: "Bidders are cautioned to examine carefully the plans and specifications and form of proposal. If in doubt as to their meaning, the bidder should apply to the County Engineer for explanation. If any questions arise as to the meaning or intent thereof after the bids are opened, the

opinion of the County Engineer shall be final and binding. Forms of proposal will be furnished by the County Engineer or the County Clerk.''

Appellant urges that, under the foregoing provisions of the contract, the decision of the engineer that the contract does not provide for payment on account of excavations below the subgrade is conclusive. The contract, however, does not evince any intention to make the engineer an arbitrator as to the amount due thereunder or as to whether payment shall be made for any item of work done. His decision is made final on questions arising, during the progress of the work, as to what is required by the contract and in what manner it is to be done. This is necessarily so, because it would not be practicable to cease operations and resort to a lawsuit every time a difference of opinion might arise. But when the contractor has followed the decision of the engineer and performed the contract in accordance with that decision, then it becomes a question of law whether the former is entitled to compensation for any particular item of work done. ''Where the architect or engineer, acting under an erroneous construction of the contract, without authority to construe that instrument excludes work which should have been included in his estimate or includes work which should have been excluded, the error will be corrected. . . . So. also the estimates or the classifications are not binding where the contract fixes certain classifications of work, and the architect or engineer ignores such provisions in the contract.'' (9 C. J. 827; *Lewis* v. *Chicago etc. Ry. Co.,* 49 Fed. 708; *Williams* v. *Chicago etc. Ry. Co.,* 112 Mo. 463 [34 Am. St. Rep. 403, 20 S. W. 631].) ''The jurisdiction of the engineer relates to disputes arising in the performance of the work which might prevent the work from progressing unless determined on the spot. . . . The clause cannot be interpreted so as to deprive the parties of their rights to a judicial construction of the contract, so far as such construction involves matters of law relating to the present right of the plaintiff to maintain suit, and relating to the question whether the plaintiff has received such compensation as he was legally entitled to under the provisions of the contract.'' (*Gammino* v. *Inhabitants of Town of Dedham,* 164 Fed. 593 [90 C. C. A. 465]. ˙See, also, *Mercantile Trust Co.* v. *Hensey,* 205 U. S. 298 [10 Ann. Cas. 572, 51

L. Ed. 811, 27 Sup. Ct. Rep. 535, see, also, Rose's U. .S. Notes]; *Wren* v. *City of Indianapolis,* 96 Ind. 206; *Aetna Indemnity Co.* v. *Waters,* 110 Md. 673 [73 Atl. 712]; *Derby Desk Co.* v. *Conners,* 204 Mass. 461 [90 N. E. 543].)

Section 2643 of the Political Code, subdivision 11, relative to work of the character here involved, provides: " . . . Upon the completion of the work, the county surveyor must examine the same, and if completed in accordance with the specifications thereof, he must submit to the board of supervisors a certificate over his signature and official seal to the effect that such work by the contractor therefor, has been completed in accordance with the specifications therefor, and recommending its acceptance. The board shall thereupon audit the same and direct its payment out of the proper fund or funds." **[6]** On the engineer's failure to include in his estimate work for which the contractor is entitled to compensation, *mandamus* is the proper remedy. (*Conn* v. *Board of Comrs.,* 151 Ind. 517 [51 N. E. 1062]; *Wren* v. *City of Indianapolis,* 96 Ind. 206.)

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.,* was acting.