## HENRY PETERS, Respondent, *v.* THE JAMESTOWN BRIDGE COMPANY, Appellants.

A mortgage unsatisfied upon the record is a subject of sale to all innocent parties.

The purchaser of a mortgage cannot be charged with constructive notice of any thing subsequent to the mortgage, except its assignment or satisfaction duly entered of record.

A deed from a mortgagee to a third party, for the conveyance of mortgaged premises, does not operate as an assignment of the mortgage.

A mortgage is a mere security for a debt, and cannot pass without a transfer of the debt.

APPEAL from the District Court of the Fifth Judicial District, Tuolumne County.

On the twenty-fourth day of January, 1852, Joseph C. Perry sold to one Jonas Thayer certain property in Tuolumne county, and took a mortgage for the payment of the purchase money, which was duly recorded.

On the first day of February, 1853, Perry conveyed by deed, containing covenants of general warranty, all his right, title, and interest in and to the property, to the plaintiff.

On the first of March following, and after the last deed was recorded, Perry assigned the Thayer mortgage to John C. Dent; afterwards, several assignments of it were made, and finally the defendants became the assignees.

On the tenth day of May, 1854, the defendants commenced an action against Thayer, to foreclose the mortgage, and in October obtained a decree, and were about to sell the property, when plaintiff brought this suit, enjoining them from taking any proceedings on the execution, alleging that a sale would create a cloud upon his title. The Court found the facts as above stated, and decreed a perpetual injunction. Defendants appealed.

*H. P. Barber*, for Appellants.

1. Perry, as mortgagee, could not convey in fee simple to plaintiff. A mortgage creates no title to land—it is a mere security, and the legal title remains in the mortgagor. 11 Johns., 534. 19 Ibid., 325. 2 Cowen, 195. 2 Barb. Ch, 119. 4 Kent, 163. 2 Cal., 489.

2. Perry, the mortgagee, could acquire no title to the premises himself without foreclosure and sale. The plaintiff, as his representative, can certainly have no better title. Our statute is imperative. Practice Act, sec. 260. 2 Johns. Ch., 62.

3. In order to make a deed operate as an assignment of a mortgage, (and give notice to subsequent purchasers,) it must be recorded as an assignment of such mortgage. Comp. Laws, p. 840, § 12, sub. 1, and § 14, sub. 1, 2, 3, 4, 12, 13.

4. The defendants are innocent purchasers for a valuable consideration without notice, and as such, their rights will always be protected to the fullest extent, both at law and in equity. 1 Johns. Ch., 298, 394. 18 Johns., 544. 5 Denio, 187. 2 Cal., 489. 3 Ib., 179.

*E. F. Hunter*, for Respondent.

The decree rendered by the Judge in the Court below was correct. The deed from Perry to plaintiff operated as an assignment of the mortgage from Thayer to Perry. A mortgage may be assigned by deed executed by the mortgagor, and recorded. 7 Cowen, 9. 4 Pick., 505. 14 Ib., 374. 15 Ib., 82.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C.. J., and BRYAN, J., concurred.

The mortgage from Thayer to Perry was upon record; and operated as constructive notice to all persons. It was unsatisfied, and therefore it was the subject of sale to all innocent parties.

The purchaser of the mortgage cannot be charged with constructive· notice of any thing subsequent to the mortgage, except its assignment, or satisfaction, duly entered of record.

The deed from Perry to plaintiff could not operate·as an assignment of the mortgage. The latter is a mere·security for the debt, and cannot pass without a transfer of the debt; so it would seem that the two transactions are totally different in character: the intent of the one is to convey the title to land—of the other, to transfer a debt with its security. If a contrary doctrine was maintained, it would produce the evil (as in this case) of enabling a net to be thrown for the entrapment of the innocent. The law always must favor the principle, that what is intended to be done, must be done directly.

Two cases are cited by the respondent's·counsel, which seem to point to a different conclusion. I have examined them, and find them unsustained by authority or by the best reasoning. 14 Pickering, 374, and 15 Ibid., 82.

The result of our judgment is,. that the decree must be reversed, and. the cause remanded.