## HALSEY v. MARTIN.

WHERE land is mortgaged by an absolute deed with a defeasance back, an absolute conveyance of the premises by the mortgagee to a third person amounts to an assignment of the mortgage; the grantee being substituted to the rights of the mortgagee.

The interest of a mortgagor in a mining claim is liable to attachment and sale under execution, and the purchaser acquires the right of possession as against the mortgagee until foreclosure.

The plaintiff in ejectment to recover an undivided interest in land may have a recovery of a less undivided interest than that sued for.

APPEAL from the Fifth Judicial District.

The facts are stated in the opinion of the Court.

*H. P. Barber*, for Appellant.

*H. O. Beatty*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to recover the possession of seven-seventeenths of a quartz lead known as the "Alice and Emily Quartz Lead," on the north bank of the South Fork of the Stanislaus River, in Tuolumne County. The plaintiff claims as vendee of the purchaser under a Sheriff's sale on execution on a judgment rendered in a suit in which the interest in the lead of one Kyle, the judgment debtor, was attached on the first day of February, 1860. It seems that Kyle, on the fourteenth day of November, 1859, had conveyed to H. O. Beatty two shares of the lead, equal to two-seventeenths, by an absolute deed of conveyance, taking back a written defeasance, which shows that the deed to Beatty, though absolute in its terms, was substantially a mortgage. Beatty, in November or December, 1860, conveyed these two shares to the defendant Martin, by a deed absolute in its terms. On the trial a writ of attachment, issued in the action against Kyle in which the judgment was rendered, was introduced in evidence, with the written answer of Martin appended thereto, as garnishee, bearing date February 1st,

1860, stating that he had then four shares in said claim in his possession, belonging to Kyle. The complaint avers that the defendants are in possession of the interest claimed by him, against his will and consent; that they refuse to surrender the possession and deny his right thereto, and refuse to recognize him as having any interest therein. The answer of Martin admits that he is in possession, and the other allegations above referred to are not denied. When the plaintiff had closed his evidence, the Court, on the motion of the defendants, granted a nonsuit; the plaintiff moved for a new trial, which was refused, and he appeals from the judgment of nonsuit and the order denying a new trial.

The Court erred in granting the nonsuit. There may be some question as to the number of shares in the lead owned by Kyle at the time of the levy of the attachment, but it is evident that he had an interest in the two shares mortgaged to Beatty, liable to the attachment. He held the equity of redemption and the right of possession until the foreclosure and sale under the mortgage, which was such an interest as could be attached, and which interest was conveyed to the plaintiff, by the deed to the purchaser at Sheriff's sale, and the deed of the purchaser to him. The deed from Beatty to Martin was after the levy of the attachment, and merely conveyed the interest the former had in the two shares, which was only that of a mortgagee, and it amounted substantially to an assignment of the mortgage. Thus Martin held these two shares subject to the equity of redemption in Kyle and those holding under him, claiming under the attachment. His title as mortgagee gave him no right to the possession as against the plaintiff. Martin was in the possession, denying the plaintiff's claim, and setting up an adverse title. These acts amounted to an ouster of the plaintiff, which gave him a right of action against him to recover possession to the extent, at least, of these two shares.

The judgment is reversed, and the cause remanded.