## CHARLES B. POLHEMUS v. JOHN W. TRAINER.

WHEN ABSOLUTE ASSIGNMENT CONSTITUTES A MORTGAGE.—The assignment of a lease for years, absolute on its face, but made in consideration of a loan of money, with a defeasance back to re-assign upon the payment of the loan and interest, constitutes a mortgage of the leasehold.

MORTGAGE OF LEASEHOLD INTEREST.—A mortgage given by a lessee upon the leasehold interest, does not give the mortgagee any right to the rents coming from the tenants of the mortgagor.

ASSIGNMENT OF A MORTGAGE.—Independent of the debt it is given to secure, a mortgage has no assignable quality; and one who receives an assignment of a

mortgage without an assignment of the debt for which it was given, takes nothing by the assignment.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*James McCabe,* for Appellant, argued that the only right which Schwartz had was a mortgage upon the leasehold interest of Trainer, and that he could not convey any greater right than he possessed, and that Polhemus therefore acquired nothing but a mortgage, which he must foreclose.

*R. P. & Jabish Clement,* for Respondent, argued that the assignee of a lease, whether as mortgagee or otherwise, was entitled to rent accruing during the time he was assignee; and cited *Eversten* v. *Sawyer,* 2 Wend. 509.

By the Court, SANDERSON, J.:

This is an action for money had and received. The plaintiff had judgment in the Court below. The defendant, having first moved for a new trial, which was denied, appeals.

One Godfrey leased to the defendant certain premises for the term of seven years. Thereafter the defendant borrowed of one Schwartz the sum of three hundred dollars, and to secure its payment assigned to him the lease aforesaid. The terms of the assignment were absolute, but Schwartz gave the defendant a written agreement to re-assign the lease to him upon the payment of the three hundred dollars and interest at the rate of two per cent per month. It was expressly agreed between them that the defendant should remain in possession of the premises and collect the rent from the sub-tenants, but nothing seems to have been in terms agreed upon as to the disposition to be made of the rents when collected, whether they were to be turned over to Schwartz or retained by the defendant. The rents were not turned over to Schwartz nor, up to the time this action was commenced, had the defendant

paid Schwartz any part of the money due him.   The assign-
ment to Schwartz was made on the 9th of April, 1861.

On the 4th of May following, Schwartz borrowed of Alsop
& Co. the sum of three hundred dollars, for which he gave his
note payable at three months with interest, at two and one
half per cent per month, and assigned to plaintiff, a member
of the firm of Alsop & Co., the lease in question with direc-
tions to collect the rents and indorse them upon the note,
which the plaintiff agreed to do, and to re-transfer the lease
when the note should be paid.   The assignment by Schwartz
was first made to Alsop & Co. on the back of the lease, but
by the direction of the plaintiff it was afterward erased and
another made to him alone.   The defendant was informed of
the assignment to the plaintiff and the purpose for which it
was made, and called upon Alsop & Co. in relation to the
matter, and was asked if he was prepared to take it up, and,
having stated that he was not at present, was told by the
plaintiff that 'he must keep the interest paid.   The defendant
paid interest until the 14th of October, 1862, but never ren-
dered any account for the rents *eo nomine.*   Prior to the
commencement of this action he had received, according to
the evidence, more rents than sufficient to pay off what was
due from him to Schwartz, or from Schwartz to the plaintiff.

The assignment to Schwartz and the defeasance back, con-
stituted a mortgage of the defendant's leasehold to secure the
payment of the three hundred dollars and interest loaned by
the former to the latter. | Under it Schwartz acquired no right
to the rents coming from the sub-tenants.   His only remedy
was by foreclosure and sale of the leasehold estate of the
defendant.   The plaintiff, assuming that he took by the
assignment to him the debt due to Schwartz from the defend-
ant, acquired no greater rights than his assignor had, and his
only remedy was by foreclosing on the debt due to his assignor.
But the true state of the case is this : The plaintiff took noth-
ing by the assignment from Schwartz to him, for the debt for
which the mortgage was given was not assigned.   The debt
was the principal thing and the mortgage but an incident.

Independent of the debt, the mortgage has no assignable quality. It always abides with the debt and does not pass unless the debt itself be assigned. An assignment of the mortgage without the debt is a nullity. (*Jackson* v. *Willard*, 4 John. 41; *Jackson* v. *Bronson*, 19 John. 325; *Wilson* v. *Troup*, 2 Cow. 231.)

Upon the evidence, the defendant was entitled to a nonsuit. Judgment reversed and cause remanded.