case upon this particular point. In the somewhat hasty examination which I have been able to make, I do not find a direct and conclusive authority upon the point; and if it was error, it is certain that the defendant has not had the fair and impartial trial which the law demands for every man charged with a crime.

Various other questions have been raised and urged before me, but I do not feel that there is occasion for discussing them. The questions will no doubt be presented on appeal, and the Appellate Division has the power to grant any relief to which the defendant may be entitled. On this application I am only called upon to determine whether there is a reasonable doubt as to whether the judgment should stand, and I am convinced that there is such a doubt.

The application for a certificate of reasonable doubt will be granted.

Application granted.

(113 App. Div. 612)

### FIRST NAT. BANK OF WATERLOO v. BACON et al.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. REFORMATION OF INSTRUMENTS—CONTRACT OF PLEDGE—OMISSION OF WORDS— MUTUAL MISTAKE.

   Where, in a contract pledging certain corporate stock, the words "are transferred to" were omitted before the words "may be held by," etc., relative to the stock, and the words "now existing or" before the words "that may hereafter exist," relating to the indebtedness for which stock was pledged were omitted by mutual mistake, the contract was subject to reformation in equity by the insertion of such words.

   [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reformation of Instruments, §§ 69, 70.]

2. PLEDGES—CORPORATE STOCK—MANUAL DELIVERY.

   Corporate stock not being capable of manual delivery, a pledge thereof may be created by a written transfer thereof independent of a delivery of the scrip.

   [Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Pledges, § 40; vol. 12, Cent. Dig. Corporations, § 507.]

3. SAME.

   Where certain corporate stock was pledged to a bank and the certificates delivered to it, and later the stock was pledged to plaintiff subject to the lien of the original pledgee, the possession of the certificates by the latter might be properly regarded as the possession of plaintiff through the agency of such pledgee.

   [Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Pledges, § 34.]

4. APPEAL—ADMISSION OF EVIDENCE—HARMLESS ERROR.

   Where a contract pledging corporate stock showed a pledge for present and future indebtedness, it was not reversible error, in an action to reform the contract of pledge, for the court to permit proof of the consideration, though no consideration was alleged in the complaint.

5. REFORMATION OF INSTRUMENTS—NECESSITY OF DEMAND.

   Where a pledgor had become a bankrupt, a demand for reformation of the contract of pledge was not required to be made either on the pledgor or his trustee in bankruptcy prior to the institution of a suit for such relief.

6. BANKRUPTCY—RIGHTS OF TRUSTEE.

   A bankrupt's trustee takes the bankrupt's property in the same condition and subject to the same liens as it was held by the bankrupt.

   [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 193.]

**7. SAME—BONA FIDE PURCHASER.**

A bankrupt's trustee is not a bona fide purchaser of the bankrupt's property for value.

**8. REFORMATION OF INSTRUMENTS—BANKRUPT PLEDGOR.**

The fact that a pledgor became a bankrupt prior to the institution of a suit for the reformation of the contract of pledge did not prevent the granting of such relief in a suit against the bankrupt and his trustee.

Appeal from Special Term, Seneca County.

Action by the First National Bank of Waterloo, N. Y., against Francis Bacon and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frederick L. Manning and George E. Zartman, for appellants.

Hammond & Hammond, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs.

The action was to procure the reformation of a written contract made by the plaintiff and the defendant Bacon February 15, 1902. Before the contract was made Bacon was president of the plaintiff and also of the Waterloo Wagon Company. He was active in the office of the wagon company. The business of the plaintiff was looked after by the cashier, Becker. The plaintiff had extended credit to the wagon company and to Bacon individually, discounting paper and taking notes. The Exchange National Bank of Seneca Falls held, by assignment from Bacon, 461 shares stock of the wagon company, and 253 shares stock of the plaintiff bank as continuing collateral security for any existing or future indebtedness of Bacon or the wagon company. The contract between Bacon and the plaintiff as executed did not contain the words "are transferred to" before the words "may be held by," etc., relating to these shares of stock, nor the words "now existing or" before the words "that may hereafter exist," relating to the indebtedness to the plaintiff. The court, by its decision, reformed the contract by inserting these words. The evidence was undisputed that these were mutual mistakes made in preparing and executing the contract. In the meantime, however, Bacon had become a bankrupt, having been so adjudicated May 4, 1904, and defendant Zartman had been appointed trustee. This action was begun October 17, 1904. The trustee alone defends, and appeals. Several objections are made to the decision of the court, which we consider.

1. It is said there was no valid pledge of the stock to the plaintiff, because possession of the scrip was in the Seneca Falls Bank. Delivery of possession of property is ordinarily essential to the making of a pledge, but in the case of stock there can be no delivery of possession thereof. The scrip is not the stock itself, and as to property not capable of manual delivery a pledge may be created by a written transfer thereof. Wilson v. Little, 2 N. Y. 443, 51 Am. Dec. 307. By the contract here, as reformed, there was such written transfer, and not merely an agreement to make such transfer in the future. Even if delivery of the scrip to the Seneca Falls Bank, and the possession thereof by it, could be regarded as possession in that bank of the stock, still, when the

stock was subsequently pledged to the plaintiff, subject to the lien of the Seneca Falls Bank, the possession by the first pledgee might be regarded as the possession of the second pledgee through the agency of the former. Jones on Pledges and Collat. (2d Ed.) pp. 81, 82, § 83.

2. It is said that no consideration for the contract was alleged in the complaint, and it was improper to permit any consideration to be proven on the trial. The contract itself showed a pledge for present and future indebtedness, and it might fairly be assumed, therefore, that there was some indebtedness then existing. We do not see that any reversible error was committed in aiding such assumption by some evidence of such indebtedness. This action, it will be remembered, was merely to reform the contract, and not to establish any indebtedness thereunder. That will be determined in another action, if there is controversy with reference thereto.

3. It is said the court was powerless to afford the relief sought. While very likely Bacon could not, after he was adjudged a bankrupt, have corrected the contract, because the rights of creditors had intervened, and they were represented by the trustee, who alone had power to act, for the debtor as well as the creditors, yet, when both Bacon and the trustee were brought into court, we see no reason why the relief asked for could not be afforded.

4. It is said no demand was made before suit. No demand was necessary. Bacon could not comply with the demand, and the trustee would not have been justified in doing so. The demand could have served no useful purpose. No costs were allowed plaintiff by the trial court.

5. It is said that the bankruptcy of Bacon constituted a bar to the relief granted in this action. This cannot be true. The trustee took the bankrupt's property in the same condition and subject to the same liens as the bankrupt himself held it. The trustee is in no sense a bona fide purchaser for value, and entitled to protection as such. No new lien was created by the decision and judgment appealed from. The original lien was adjudicated and determined.

We conclude that the judgment is right, and should be affirmed.

Judgment affirmed, with costs. All concur.