[Civ. No. 265. Second Appellate District.—October 16, 1906.]

## C. B. LADD, Appellant, v. JOHN W. MYERS, Respondent.

PLEDGES—COLLATERAL NOTE—SECOND PLEDGE—CONSIDERATION—SUBSE-QUENT ASSIGNEE OF PLEDGED NOTE NOT PROTECTED.—Where the owner of a note pledged it to a bank, with power to collect and pay the note secured to a third party, and the residue to the pledgor, who subsequently bought personal property from respondent, and gave him a note therefor, under an agreement with the bank that the collateral note should also stand as a further pledge for its payment, and the pledgor afterward assigned the pledged note to appellant, appellant's rights as assignee are subject to the second pledge. He cannot, by avoiding inquiry as to the extent of the pledge, occupy the position of an innocent purchaser without notice as against the second pledgee.

ID.—SUPPORT OF FINDINGS—CORRECTION OF CLERICAL ERROR NOT PREJU-DICIAL—SUPPORT OF JUDGMENT.—*Held*, that the findings are sufficiently supported by the evidence, and that the correction by the court of a clerical error in the findings could not be prejudicial, since it does not affirmatively appear that findings were not waived, and the judgment would be supported even in the absence of findings.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

M. C. Hester, for Appellant.

Scarborough & Forgy, for Respondent.

ALLEN, J.—Action originally brought by plaintiff against defendant bank to recover a sum alleged to be in the hands of said bank due plaintiff. Defendant Myers being made a party answered, claiming such funds. Thereupon the defendant bank deposited the same in court, and upon the trial, findings and judgment went for defendant Myers. Plaintiff appeals from such judgment, and from an order denying a new trial.

The facts are these: One Heart, the owner of a promissory note for $2,000 theretofore executed by one Newton, placed

the same in the hands of the First National Bank of Santa
Ana as pledge-holder to hold the same as collateral to an ob-
ligation owing from Heart to one Walker, with instructions
upon collection to pay Walker a specified sum and the bal-
ance to Heart. Afterward Heart purchased certain personal
property from defendant Myers, and in consideration there-
of agreed to execute his promissory note to Myers for $1,000
and secure the same by his interest in the Newton note;
and accordingly, in company with Myers, visited the bank
and directed the cashier thereof to hold the Newton note as
collateral to the Walker and Myers claim and out of the
proceeds pay such claim. Afterward Heart made a written
assignment of said Newton note to plaintiff, and when the
bank collected the Newton note plaintiff demanded the pro-
ceeds thereof in excess of the amount required to pay the
Walker claim. The bank declined to recognize plaintiff's
claim as superior in right to that of Myers, and plaintiff
brought this action against the bank, which brought the
funds into court for distribution under its order. Myers
having been made a party and having filed his answer, upon
the trial the court found the facts as above set out and di-
rected judgment for Myers to the extent of the note held by
him so executed by Heart.

Appellant's chief point is that the evidence is insufficient
to support the findings. There is nothing in this contention.
The evidence is clear and convincing as to the agreement be-
tween Heart and Myers, and upon the faith of which Heart
obtained the possession of personal property for which the
$1,000 note was given. It was not an agreement for a pledge,
but an actual pledge. Plaintiff, when he purchased the note
in the hands of the pledge-holder, took the same burdened
with the actual agreement under which the pledge-holder
held the same as collateral, and cannot, by avoiding inquiry
into the extent of the pledge, occupy the position of an inno-
cent purchaser without notice.

There was no prejudicial error in the action of the trial
court in correcting a clerical error in the findings. It does
not affirmatively appear that findings were not waived;
hence, the judgment is supported even in the absence of find-
ings. (*Mulcahy* v. *Glazier,* 51 Cal. 626; *Baker* v. *Baker,* 139
Cal. 626, [73 Pac. 469].)

4 Cal. App.—23

We find no prejudicial error in the record, and the judgment and order are affirmed.

Smith, J., and Gray, P. J., concurred.