[Civ. No. 1271.    Second Appellate District.—March 11, 1913.]

FRANK H. SMITH, Respondent, v. J. R. NEWBERRY COMPANY (a Corporation), et al., Appellants.

VENDOR AND VENDEE—PUTTING ON INQUIRY—DEED INTENDED AS MORTGAGE.—Where a grantor in a deed absolute intended as a mortgage notifies a third person through intermediaries that he still owns the property, such person is put on inquiry as to the condition of the title, and if·he fails to investigate, he cannot become a *bona fide* purchaser.

ID.—BONA FIDE PURCHASER—BURDEN OF PROOF.—The burden of proof is upon one who buys, where the title is in such condition, to show that he paid the purchase money in good faith without notice, actual or constructive, of the grantor's claim.

ID.—QUIETING TITLE—TENDER OF MORTGAGE DEBT.—Where the grantee in a deed intended as a mortgage conveys the property to a person who, though put upon inquiry, contends that he purchased without notice of the condition of title, the grantor, in a suit to quiet title, need not make personal tender of the debt, but a judgment directing the payment thereof is sufficient.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Adams & Mahan, M. E. C. Munday, and Rowen Irwin, for Appellants.

Drew Pruitt, and Fred N. Arnoldy, for Respondent.

ALLEN, P. J.—The action was one to quiet title. Findings and judgment went in favor of plaintiff, and defendants appeal from such judgment and an order denying a new trial.

The court finds that in February, 1906, plaintiff was indebted to J. R. Newberry Company, a corporation, in the sum of one hundred and thirty-five dollars; that on said date plaintiff, being the owner and in possession of certain described premises, in order to secure the payment of said sum, executed to said J. R. Newberry Company an instrument, in form a grant deed, conveying the premises in controversy; that notwithstanding the form of the deed, it was intended to be by way of mortgage to secure the debt; that such instrument was duly recorded, and on the third day of December, 1906, J. R. Newberry Company, in consideration of the sum of three hundred dollars, granted the premises to J. K. McGinnis; that McGinnis purchased said premises with knowledge of the fact that said instrument from plaintiff to Newberry Company was a mortgage and intended as such; that in June 1910, plaintiff tendered to defendant Newberry Company two hundred dollars in cash, being the amount of the principal and interest of the mortgage debt, and demanded a reconveyance, which was refused; that plaintiff thereupon paid into court the sum of two hundred dollars for the benefit of defendant Newberry Company, the same being the principal of said debt and interest, and the sum of $9.85, the amount of the taxes assessed against said lands advanced and paid by McGinnis.

Appellants specify as error the insufficiency of the evidence to support the findings with reference to the character of the deed, and as to the fact of McGinnis's acquirement of the premises with notice. An examination of the record satisfies us that there is to be found therein ample evidence to support the findings of the court, not only from the circumstances of the case, but from admissions. It is very clear that the deed to the Newberry Company was by way of mortgage. There is evidence tending to show that in October, 1906, plaintiff

notified McGinnis, before he purchased the premises through
an intermediary, that he still held an equity in the land and
still owned it. This was sufficient to put McGinnis upon in-
quiry as to the condition of title. The rule is that the burden
is upon the one claiming to be a *bona fide* purchaser under
the circumstances of this case to show that he had paid the
purchase money in good faith without notice, actual or con-
structive, of plaintiff's claim. (*Kenniff* v. *Caulfield,* 140 Cal.
45, [73 Pac. 803], and authorities there cited.) There is
nothing to show any effort on McGinnis's part to ascertain
the true facts in relation to the title after having received this
notice, and he cannot be said, under the established rule, to be
a *bona fide* purchaser without notice. The findings of the
court must be accepted as being based upon evidence clear
and satisfactory. It is for the trial court to determine the
weight and effect of the evidence.

It is claimed by appellants that the findings do not support
the judgment as against them. We see no merit in this con-
tention. The judgment with reference to the cancellation
of the deed may be ignored, but there still remains in the
judgment an adjudication that plaintiff's title and possession
of the premises be quieted against all claims or demands of
the defendants, and that they each be enjoined and restrained
from asserting any claim thereto adverse to plaintiff. We
regard the complaint as sufficient.

The principal contention of appellants is that McGinnis,
under any view of the case, was entitled to the money due
upon the mortgage, that the tender to him was a condition
precedent to a decree quieting title. We do not understand
the rule to be that a personal tender is requisite to the bring-
ing of the action, but simply that payment to the party en-
titled thereto must be provided for or made before a decree
be entered. We think, however, that under the record in this
case no tender or payment to McGinnis was necessary. Nor
is there any error, under the pleadings and evidence, in
directing the payment of the two hundred dollars deposited
in court to the Newberry Company as the holder of the debt.
We are not unmindful of the fact that our supreme court,
in *Hooper* v. *Young,* 140 Cal. 274, [98 Am. St. Rep. 50, 74
Pac. 140], following *Halsey* v. *Martin,* 22 Cal. 645, has deter-
mined that a conveyance by one holding the legal title by way

of security carries with it an equitable assignment of the debt
secured thereby.    The decisions affecting the question as to
the effect which a court of equity should give such a convey-
ance are not harmonious.    As early as *Peters* v. *Jamestown
Bridge Co.,* 5 Cal., 335, [63 Am. Dec. 134], and afterward
in *Dutton* v. *Warschauer,* 21 Cal. 623, [82 Am. Dec. 765],
it was determined that an attempt to assign a mortgage with-
out a transfer of the debt was without effect, and that a con-
veyance of the mortgaged premises did not operate as an
assignment of the mortgage, nor of the mortgage debt.    Sub-
sequently, in *Halsey* v. *Martin,* 22 Cal. 645, the contrary was
held.    Thereafter, upon the adoption of the Civil Code, sec-
tion 3540 was added thereto, which section provides: "The
incident follows the principal, and not the principal the in-
cident"; which was the doctrine of *Peters* v. *Jamestown
Bridge Co.*    However, we are confronted with *Hooper* v.
*Young,* 140 Cal. 274, [98 Am. St. Rep. 50, 74 Pac. 140],
wherein it is said that "whatever the true character of the
conveyance was, the grantee succeeded to all of the grantor's
rights and interest.    If such conveyance was in fact a mort-
gage, she succeeded to all rights as mortgagee."    This opin-
ion was by a divided court and rests undoubtedly upon the
theory that where a conveyance of premises held by way of
mortgage is made to one with knowledge of the character of
the title, nothing to the contrary appearing, it will be pre-
sumed that it was the intention of the parties to transfer all
interests, the principal as well as the incident.    Accepting
such decision as based upon that theory, it is scarcely ap-
plicable to this case.    Under the record presented here, there
can be no presumption that there was any intention on the
part of Newberry Company to transfer the debt.    In the
first place, Newberry Company denies and strenuously insists
that the conveyance to it was not by way of mortgage; and,
in the second place McGinnis insists that he took a good title
by virtue of the purchase, and that he bought without knowl-
edge of the debt, believing that Newberry Company was the
owner of the premises free from any claim of third parties.
Nowhere is there any suggestion or any fact from which it
could be reasonably inferred that it was the intention of the
Newberry Company to assign the debt, or of McGinnis to
receive an assignment thereof.    The case under consideration

strongly suggests an attempt to deprive plaintiff of his property rights, and not an effort upon the part of Newberry Company to transfer its interest in the debt and the mortgage securing the same to McGinnis. Under these circumstances, we are of opinion that the conveyance by the Newberry Company to McGinnis, under the facts, was a nullity and conveyed nothing. It was a plain attempt to transfer the incident and the grantor to retain the principal. Aside from all this, however, the unquestioned amount due from plaintiff was paid into the treasury of the court and there remains for the benefit of whomsoever may be entitled thereto. Upon such payment, and under the facts found by the court, plaintiff was entitled to his decree quieting title. We do not see how it could be well claimed that McGinnis was entitled to the two hundred dollars, for he nowhere claims to be entitled thereto. If such claim had been made by him, and were there anything in the record indicating an intention to assign the debt when the conveyance was made, we think a modification of the judgment, directing payment of the two hundred dollars to McGinnis, would be proper, but under the pleadings and the facts and circumstances of the case, we do not see how we would be warranted in directing such modification. There being no evidence tending to show a bar to the action through the statute of limitations, no finding was necessary. Plaintiff's right to redeem existed until five years' adverse possession be shown, which is not done here.

We see no prejudicial error in the record either in relation to the admission or rejection of evidence, or otherwise; nothing at least which would entitle defendants to a reversal on account thereof.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.