AGRICULTURAL CREDIT CORPORATION, Respondent, v. JOHNSON, et al, Appellants.

(260 N. W. 824.)

(File No. 7696.   Opinion filed May 9, 1935.)

M. L. Parish, of Murdo, for Appellants.

M. Q. Sharpe, of Kennebec, H. L. Bode, of Pierre, and Walter Stover, of Watertown, for Respondent.

RUDOLPH, J.   Respondent instituted this action to foreclose a certain mortgage made and executed by the appellants.   The facts are all stipulated, and the execution and delivery of the mortgage

is admitted by appellants. The appellants principal contention is their claimed right to set off against the amount due under the terms of the note and mortgage certain deposits in the Murdo State Bank at the time that bank closed. The stipulated facts with reference to this claimed right of set-off will be detailed hereinafter. Appellants also seek in their answer to deny respondent's ownership of the said mortgage. We have carefully considered the arguments set forth in appellants' brief with reference to this defense, and are convinced that the defense is without merit. In view of the fact that appellants, in the stipulation of facts upon which this judgment is based, stipulated in paragraph No. 5 thereof, "that the Agricultural Credit Corporation is now the owner and holder of the notes and mortgage set forth in the complaint," we deem it unnecessary in this opinion to answer the arguments of appellants wherein they assert that the Agricultural Credit Corporation is not the owner and holder of the notes and mortgage. We are satisfied, as the appellants apparently were at the time they entered into the stipulation, that this plaintiff is the present owner and holder of the notes and mortgage in question, at least to the extent that it is entitled to maintain this action.

We consider now the claimed right of set-off. The note and mortgage upon which this action is based is a renewal of other notes and mortgages given to the Murdo State Bank to secure a debt owed by the appellants to that bank, and which other notes and mortgages were held by the War Finance Corporation as collateral security for a loan owing by the Murdo Bank to that corporation. The note and mortgage in suit, soon after being given, were assigned and transferred to the War Finance Corporation as collateral security for the loan. The Murdo State Bank was also indebted to the respondent, Agricultural Credit Corporation, for which indebtedness the respondent held certain assets of the bank as security. The bank, to further secure its indebtedness and advances thereafter to be made by the Agricultural Credit Corporation, executed Exhibit D, which in words and figures is as follows:

"Assignment of Collateral.

"Know all men by these presents:

"That the Murdo State Bank, a Corporation of Murdo, South Dakota, for and in consideration of the sum of one Dollar ($1.00)

in hand paid by the Agricultural Credit Corporation of Minneapolis, Minnesota, a Delaware Corporation, the receipt whereof is hereby acknowledged, and in further consideration of the extension of certain obligations of the said Murdo State Bank, to the said Agricultural Credit Corporation, does hereby, and by these presents, sell, transfer, assign and set over unto the said Agricultural Credit Corporation, all of the certain collateral notes, mortgages and securities now held by the War Finance Corporation, of Minneapolis, Minnesota, pledged by the said Murdo State Bank to said War Finance Corporation, subject only to the prior claims of said War Finance Corporation, in and to said notes, mortgages and securities now held by them and in their possession, and the said Murdo State Bank does hereby sell, assign, transfer and set over such securities, notes and mortgages as security, to any and all debts or obligations by it owing to the said Agricultural Credit Corporation, the said Murdo State Bank does hereby authorize the said Agricultural Credit Corporation whenever it may so elect to purchase the claim of the said War Finance Corporation against said Bank, and to receipt for and hold the securities and collateral thereto pledged, and that the said collateral so obtained shall be collateral security pledged as additional collateral to any loans heretofore or hereafter made by the said Murdo State Bank from the Agricultural Credit Corporation.

"The War Finance Corporation, upon the payment in full of their claims against the said Murdo State Bank, is hereby authorized and directed and empowered to deliver any and all collateral notes, mortgages and other securities remaining in their hands, to the said Agricultural Credit Corporation, and the said Agricultural Credit Corporation is in that event authorized to receipt for the same and to hold the same as collateral to any indebtedness then owing to said Agricultural Credit Corporation by the said Murdo State Bank; to collect said collateral in the same manner as they might or could do with any other collateral held by them or assigned to them direct, and upon payment in full of any and all claims due the said Agricultural Credit Corporation by the said Murdo State Bank, and return the over-plus, if any, to said Bank.'"

Subsequent to the closing of the Murdo Bank, the respondent elected, under the terms of Exhibit D, to take over the securities

belonging to the bank in the hands of the War Finance Corporation, and paid to the War Finance Corporation the sum of $2,450.80, the balance due it from the Murdo State Bank, and thereupon the War Finance Corporation assigned all of the securities in its hands belonging to the Murdo Bank to this respondent, which included the note and mortgage in suit. After taking over this security from the War Finance Corporation, the respondent collected from said securities more than the amount paid to the War Finance Corporation therefor. However, the remaining securities in the hands of the respondent are not sufficient to liquidate the debt owing to respondent from the Murdo Bank, as disclosed by paragraph 17 of the stipulation, and a portion of that indebtedness still remains unpaid. Under these facts the appellants claim the right to set off against the mortgage debt the deposits in the Murdo Bank at the time that bank closed.

■ ■ The offset is claimed as against a negotiable promissory note. The applicable rule, in our opinion, was announced in the case of Harris v. Esterbrook, 55 S. D. 538, 226 N. W. 751, 754, 70 A. L. R. 241, wherein this court said: "It may be fairly stated that the set-off that may be interposed against a negotiable promissory note transferred, without indorsement, in good faith, and for value, must be a set-off which existed as a present right when the transfer was made."

Appellants contend, however, that there was no "transfer" of the note and mortgage involved in this case within the meaning of the above rule, until the assignment by the War Finance Corporation to this respondent, at which time the note was past due, the bank had closed, and the set-off claimed existed as a "present right." To sustain appellants in this contention would, in our opinion, deprive Exhibit D, set out above, of its intended effect. By means of Exhibit D the Murdo Bank transferred to the respondent, subject to the rights of the War Finance Corporation, all securities in the hands of the War Finance Corporation belonging to the Murdo Bank. The note and mortgage in suit is simply a renewal of other notes and mortgages which were in the possession of the War Finance Corporation at the time Exhibit D was given. That Exhibit D was intended to and did cover the indebtedness represented by note and mortgage in suit seems clear, not only from a reading of the instrument, but also from the interpre-

tation placed thereon by the parties thereto. In other words, long before the time when it is claimed the right of set-off arose, the indebtedness owing by the appellants to the 'Murdo Bank, which indebtedness had at all times been represented by negotiable promissory notes of which the present note is but a renewal and against which indebtedness the right of set-off is claimed, had been pledged by the Murdo Bank to the respondent as collateral security.

Appellants further contend that Exhibit D does not constitute a pledge of the securities to respondent. The basis of this contention is that, to constitute a pledge, actual possession must be in the pledgee, and that respondent did not acquire actual possession of the note and mortgage until the assignment from the War Finance Corporation, at which time it is claimed the set-off existed as the present right. Appellants, in our opinion, overlook the real purpose and intent in Exhibit D. Possession of the securities at the time Exhibit D was executed was in the War Finance Corporation, and by the express terms of Exhibit D, those securities were assigned and transferred to the respondent "subject only to the prior claims of said War Finance Corporation," and upon the payment of the sums due the War Finance Corporation from the Murdo Bank, the possession of the securities was to vest in the respondent. Under these circumstances it seems clear to us that the possession of the War Finance Corporation was, in fact, the possession of the respondent as to any residue of the securities remaining after the indebtedness to the War Finance Corporation had been paid. The rule is clearly stated in the case of Shurtleff v. Norcross, et al, 95 Vt. 420, 115 A. 494, 496, as follows:

"While the general rule that delivery and possession are as essential to a valid pledge of negotiable paper as they are essential to a valid pledge of corporeal chattels, a delivery which vests the title and control of the paper in the pledgee is sufficient; and when, in the circumstances, an actual delivery is impossible, the pledge may rest on the agreement of the parties, accompanied by the possession of a third person. And so it is, says Mr. Jones:

" 'A note already pledged and in the possession of the pledgee may be again pledged by the owner to another person, subject to the lien of the first pledge, without any further delivery of it. The possession of the note by the first pledgee may be regarded as the possession of the second pledgee through the agency of the former.'

Jones, Collateral Securities (3d Ed.) § 83; In re Wiley, 4 Biss. 171, Fed. Cas. No. 17,655; Second National Bank v. Sproat, 55 Minn. 14, 56 N. W. 254."

See, also, Ladd v. Myers, 4 Cal. App. 352, 87 P. 1110; Hunt v. Bode, 66 Ohio 255, 64 N. E. 126; First National Bank of Waterloo v. Bacon, 113 App. Div. 612, 98 N. Y. S. 717.

We are of the opinion that the trial court correctly held that the note and mortgage in the hands of the respondent were not subject to set-off, and the judgment appealed from is affirmed.

All the Judges concur.