## 350

Stanley C. Edmister, John Ladner, and C. H. Livingston, all of Tulsa, Okl., for plaintiff.

Joseph L. Hull and James E. Bush, both of Tulsa, Okl., for defendants National Bank of Tulsa, and Exchange Nat. Bank of Tulsa

FRANKLIN E. KENNAMER, District Judge.

A petition for rehearing brings the instant case on for further consideration. That portion of the opinion announced, is challenged by the petition for review, wherein there is involved the construction of Sec. 10957, O.S.1931, 42 Okl.St.Ann. § 23, which provides that a lien is extinguished by the mere lapse of time within which, under the provision of civil procedure, an action can be brought upon the principal obligation. See, D.C., 28 F.Supp. 244, at page 249.

It has previously been announced that the construction placed on a similiar Statute by California is not controlling, and that the rule adhered to in California, towit, that although the pledgee is prevented from taking affirmative action to foreclose a pledge, still it is not required to deliver up any property pledged to it, and the pledgee continues to have the right to retain possession of such property or to collect upon pledged collateral, until the borrowed debt is paid. See cases cited in the original opinion herein. It is insisted that a similar construction must be made of the Oklahoma Statute, and in support of such contention, decisions of the Oklahoma Supreme Court, holding that a mortgagee who enters into possession peaceably as purchaser under foreclosure proceedings, cannot be dispossessed by the mortgagor, or his grantees, so long as the mortgage remains unsatisfied, show that the Oklahoma Supreme Court has construed the particular limitation act in harmony with the holdings of the California courts. It has been held that the Statute under consideration has been construed by the Oklahoma Supreme Court to apply to all liens. See Coakley v. Phelan, 179 Okl. 515, 66 P.2d 19; Bertram v. Moore, 160 Okl. 78, 15 P. 2d 589; Rice v. Burgess, 124 Okl. 177, 254 P. 746. The Oklahoma Supreme Court has not construed the Limitation Statute in a case involving a pledge; however, it has been repeatedly held by the Supreme Court of Oklahoma that the mortgagor does not have any rights of redemption, or right to possession against the mortgagee in possession, after the debt has become barred. Such actions are held to be for redemption from a mortgage, and is barred by the 5 year Statute which bars the action upon the mortgage, rather than upon the 15 year Statute. See, Stroud v. Paulk, 179 Okl. 493, 66 P.2d 24; Western Land

Securities Co. v. Oklahoma Farm Mortgage Co., 111 Okl. 138, 239 P. 223; Tomlin v. Roberts et al., 126 Okl. 165, 258 P. 1041. Since it has been held by the Oklahoma courts that the Statute under consideration has been construed to apply to all liens, and further been held in cases involving a construction of the Statute, that the lien is not extinguished in the sense that a mortgagor can dispossess a mortgagee in possession, if the mortgagee has not taken action to foreclose the mortgage lien within the limitation period fixed by Statute, it follows, therefore, that a pledgee in possession should be accorded rights equal to those of a mortgagee in possession, and a pledgor should not be permitted to obtain possession of the pledged chattels from a pledgee in possession so long as the pledge debt remains unsatisfied. The following cases establish the rule that a mortgagee who enters into possession peaceably as purchaser under foreclosure proceedings, cannot be dispossessed by the mortgagor, or his grantees, so long as the mortgage remains unsatisfied: Gillett v. Romig, 17 Okl. 324, 87 P. 325; Page v. Turk, 43 Okl. 667, 143 P. 1047; Webb v. Semans, 110 Okl. 72, 235 P. 1074; Brown v. State National Bank of Shawnee, 167 Okl. 336, 29 P.2d 955.

California has expressly held that a pledgor cannot recover possession of the pledged property without paying his debt, although the debt is barred by the Statute of Limitations, and that a pledgee is in precisely the position occupied by a mortgagee in possession. See Booth v. Hoskins, 75 Cal. 271, 17 P. 225; DeCazara v. Orena, 80 Cal. 132, 22 P. 74; Spect v. Spect, 88 Cal. 437, 26 P. 203, 13 L.R.A. 137, 22 Am.St.Rep. 314; Brandt v. Thompson, 91 Cal. 458, 27 P. 763; Hooper v. Young, 140 Cal. 274, 74 P. 140, 98 Am.St.Rep. 56; Burns v. Hiatt, 149 Cal. 617, 87 P. 196, 117 Am.St.Rep. 157.

■ It is my conclusion that the opinion rendered in this case should be corrected, insofar as it construes Sec. 10957, O.S.1931, 42 Okl.St.Ann. § 23, and the Statute shall be held to mean that a pledgee in possession is not required to deliver up any property pledged to it, even though such pledgee is prevented from taking affirmative action to foreclose the pledge by reason of the Statute of Limitations, until the secured debt is paid. Such pledgee continues to have the right to retain possession of such property, and to collect upon pledged collateral, and shall enjoy all of the rights accorded a mortgagee in possession after limitations, provided by Statute, have run against any affirmative action by a mortgagee to foreclose his mortgage, and to enforce collection of the mortgage debt.

■ It is urged by plaintiff that a construction of the Limitation Statute is unnecessary in disposing of her claim. She insists that the banks, defendants herein, did not have a pledge of the insurance policies involved in the action, but merely had an assignment of the proceeds thereto, subject to the rights of the insurance company issuing the policies, who had actual physical possession of such policies as security for the payment or advances made upon such policies. The facts reveal that assignments were made by the deceased during his life time, assigning the insurance policies and pledging them to the defendant banks as security for the payment of indebtedness. It has been repeatedly held that where an actual delivery is impossible the pledge may rest upon the contract of the parties, accompanied by the possession of a third person. A note or instrument previously pledged and in the possession of a pledgee, may be again pledged by the owner to another person subject to the pledge lien of the first pledgee, without any further delivery of it. The possession of the instrument by the first pledgee may be regarded as possession of the second pledgee, through the agency of the former. See, Agricultural Credit Corporation v. Johnson, 63 S.D. 476, 260 N.W. 824; First National Bank of Waterloo v. Bacon, 113 App.Div. 612, 98 N.Y.S. 717; Hunt v. Bode, 66 Ohio St. 255, 64 N.E. 126; Ladd v. Myers, 4 Cal.App. 352, 87 P. 1110; First National Bank v. Exchange National Bank, 179 App.Div. 22, 153 N.Y.S. 818, 820; In re Wiley, 29 Fed. Cas. No. 17655; Pierce v. National Bank of Commerce, 8 Cir., 268 F. 487.

■ It therefore clearly appears that the possession of the insurance company was the constructive possession of the defendant banks herein, and that the defendants are entitled to retain the funds paid on the insurance policies, and which were credited to the rent account of $1,332.